ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRADFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>   vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br><br>                   Defendants. | Case No. 8:24-cv-02459-SPG-JDE<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:    February 12, 2025<br>TIME:    1:30 p.m.<br>CTRM:   5C<br>JUDGE:  Hon. Sherilyn Peace Garnett |

4917-5661-8765.v1

## I.   INTRODUCTION

Pending before the Court is a securities class action lawsuit on behalf of purchasers or acquirers of publicly traded Chipotle Mexican Grill, Inc. ("Chipotle" or the "Company") common stock and those who purchased Chipotle call options or sold put options between February 8, 2024 and October 29, 2024 (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act").  In securities class actions such as this, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "consider any motion made by a purported class member in response to the notice" and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Lisa Tai should be appointed lead plaintiff because she filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Ms. Tai's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.   FACTUAL BACKGROUND

Chipotle owns and operates Chipotle Mexican Grill restaurants that sell food and beverages and provides delivery and related services through its app and website. Chipotle common stock trades on the New York Stock Exchange under the symbol CMG.

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Chipotle's portion sizes were inconsistent and left many customers dissatisfied with Chipotle's offerings; and

- 1 -

4917-5661-8765.v1

(ii) to address the issue and retain customer loyalty, Chipotle would have to ensure more generous portion sizes, which would increase cost of sales.

On July 24, 2024, defendant Brian Niccol (former Chipotle CEO) acknowledged that portion inconsistency was an issue at Chipotle and that it had caused customers to feel justifiably unhappy with Chipotle.  Niccol further revealed that Chipotle would have higher cost of sales in the third quarter of 2024, partially as a result of giving customers more generous portions.  On this news, the price of Chipotle stock fell nearly 2%.

Then, on October 29, 2024, during Chipotle's third quarter of 2024 earnings call, interim CEO Scott Boatwright stated that "[c]ost of sales in the quarter were 30.6%, an increase of about 90 basis points from last year," partially driven by "higher usage as we focused on ensuring consistent and generous portions."  ECF 1 at ¶41.  On this news, the price of Chipotle stock fell nearly 8%.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Ms. Tai and other putative class members have suffered significant losses and damages.

## III.  ARGUMENT

### A.  Ms. Tai Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice in this case was

- 2 -

published on November 11, 2024 via *Business Wire*.  *See* Declaration of Juan Carlos Sanchez in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Sanchez Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Ms. Tai meets these requirements and should therefore be appointed as Lead Plaintiff.

### 1.   This Motion Is Timely

The November 11, 2024 statutory notice published on *Business Wire* advised purported class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by January 10, 2025.  *See* Sanchez Decl., Ex. A.  Because Ms. Tai's motion has been timely filed, she is eligible for appointment as lead plaintiff.

### 2.   Ms. Tai Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by her Certification and loss chart, Ms. Tai acquired 181,751 shares of Chipotle common stock (and made other transactions in Chipotle options) during the Class Period and suffered approximately $360,400 in losses as a result of defendants' alleged misconduct.  *See* Sanchez Decl., Exs. B, C.  To the best of her counsel's knowledge, there are no other plaintiffs with a larger financial interest.

4917-5661-8765.v1

Therefore, Ms. Tai satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Ms. Tai Satisfies the Rule 23 Typicality and Adequacy Requirements

Next, the Court "'must then focus its attention on [the plaintiff that has the largest financial interest] and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Schwartz v. Opus Bank*, 2017 WL 5468820, at *2 (C.D. Cal. Feb. 23, 2017) (quoting *Cavanaugh*, 306 F.3d at 730). "Claims are 'typical' under Rule 23 if they are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).  The "'adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation.'" *Id.* (citation omitted).

Ms. Tai satisfies the typicality requirement because, like all other class members, she: (1) purchased Chipotle common stock during the Class Period; (2) was adversely affected by defendants' wrongful conduct; and (3) suffered damages thereby.  Ms. Tai's substantial loss provides the requisite interest to ensure vigorous advocacy.  Moreover, Ms. Tai's interests are aligned with the putative class.  Ms. Tai has amply demonstrated her adequacy by signing a sworn Certification and Declaration stating that she is willing to serve as, and to assume the responsibilities of, class representative.  *See* Sanchez Decl., Exs. B, D.  Finally, as explained below, Ms. Tai has selected experienced and qualified counsel, further evidencing her ability to fairly and competently represent the interests of the putative class.

Because Ms. Tai filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated her typicality and adequacy, the Court should adopt the presumption that she is the "most adequate plaintiff."

- 4 -

4917-5661-8765.v1

**B.      The Court Should Approve Ms. Tai's Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, Ms. Tai has selected Robbins Geller.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature").  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

---

[1]      For a detailed description of proposed lead counsel's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  Paper copies of the Firm's resume is available upon the Court's request, if preferred.

[2]      *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action

- 5 -

4917-5661-8765.v1

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this motion, the class will receive the highest caliber of legal representation. Accordingly, Ms. Tai's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

Ms. Tai has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Ms. Tai respectfully requests that the Court appoint her as Lead Plaintiff and approve her selection of Lead Counsel.

DATED:  January 10, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY

s/ Juan Carlos Sanchez

JUAN CARLOS SANCHEZ

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 6 -

4917-5661-8765.v1