ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRADFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br><br>Defendants. | Case No. 8:24-cv-02459-SPG-JDE<br><br>CLASS ACTION<br><br>LISA TAI'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS<br><br>DATE: February 12, 2025<br>TIME: 1:30 p.m.<br>CTRM: 5C<br>JUDGE: Hon. Sherilyn Peace Garnett |

4919-9825-9473.v1

## I.   INTRODUCTION

On January 10, 2025, four competing motions were filed by class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Lisa Tai; (2) Louis Papas; (3) Samuel Catt and Nutan Desai; and (4) Stuart Burk. *See* ECF 22, 16, 20, 14. [1]   Based on information contained in the lead plaintiff motions, Ms. Tai is the "most adequate plaintiff" within the meaning of the PSLRA as she possesses the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Indeed, with over $360,000 in losses incurred on her investment in Chipotle Mexican Grill, Inc. securities during the Class Period (February 8, 2024-October 29, 2024), Ms. Tai's financial interest "in the relief sought by the class" is undeniably more than any of the three competing lead plaintiff movants (over eight times greater than the ***combined losses*** of all competing movants).



In accordance with the PSLRA, Ms. Tai is therefore entitled to a strong presumption that she is the "most adequate plaintiff" because she has the largest

---

[1]   On January 22, 2025, Mr. Catt and Ms. Desai filed a notice of non-opposition, recognizing they "do not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." ECF 35 at 1. On January 22, 2025, Mr. Burk withdrew his motion, recognizing that "it appears that Lisa Tai (Dkt. No. 22) has the largest financial interest . . . and is otherwise adequate to represent the class." ECF 36 at 1.

4919-9825-9473.v1

financial interest in the litigation and has made a *prima facie* showing of her typicality and adequacy.  *See* ECF 24 at 3-4; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  That presumption can only be rebutted "upon proof" that Ms. Tai is inadequate or atypical. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  There are no facts, let alone any "proof," suggesting that Ms. Tai is somehow unfit to represent the class.

To the contrary, Ms. Tai – a very experienced investor who has spent nearly 30 years working as a controller for non-profit organizations – is a qualified lead plaintiff candidate committed to vigorously prosecuting this litigation on behalf of all class members.  *See* ECF 25-4.  In addition, Ms. Tai has chosen counsel with decades of experience litigating securities class actions.  Accordingly, Ms. Tai is the "most adequate plaintiff" pursuant to the PSLRA.

Because Ms. Tai has the largest financial interest, satisfies the Rule 23 requirements, and no movant can rebut the presumption in her favor, Ms. Tai respectfully requests that the Court grant her lead plaintiff motion and deny the competing motions.

## II.    ARGUMENT

According to the unambiguous language of the PSLRA, "[t]he 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B)(iii).

"The Court should follow a 'three-step process for identifying the lead plaintiff pursuant to these criteria.'"  *Roberti v. OSI Sys., Inc.*, 2014 WL 12845727, at *2 (C.D. Cal. Mar. 17, 2014) (quoting *Cavanaugh*, 306 F.3d at 729).  The first step – publication of the pendency of this Action – has been completed.  *See* ECF 25-1.  In the next two steps, courts consider "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order ***if and only if*** the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added).

- 2 -

### A.   Only Ms. Tai Qualifies for the "Most Adequate Plaintiff" Presumption

### 1.   Ms. Tai Has the Largest Financial Interest

The second step consists of identifying the presumptive lead plaintiff.  During this second stage of the three-step lead plaintiff inquiry, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730.  While the PSLRA does not delineate how financial interest should be assessed, the Ninth Circuit has said "[t]o make this comparison, the district court . . . may select accounting methods that are both rational and consistently applied." *Id.* at 730 n.4.   Most district courts consider various factors, of which loss is considered the most important.  *See In re Cheetah Mobile, Inc. Sec. Litig.*, 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021) ("the Court elects to follow the approach advanced by courts in the Ninth Circuit, elevating the importance of [loss above any other factors]"); *Green v. Maison Sols. Inc.*, 2024 WL 5047482, at *3 (C.D. Cal. Apr. 4, 2024) (Garnett, J.) (looking to loss as the proxy for financial interest).  Examining each movant's trading, it is apparent that Ms. Tai possesses the largest loss, regardless of the accounting methodology used to calculate losses.  However, if the Court was to consider other factors such as: "(1) gross shares purchased; (2) net shares purchased; [and] (3) net funds expended" (*Cheetah Mobile*, 2021 WL 99635, at *3), Ms. Tai is *still* the movant with the largest financial interest in the relief sought by the class:

- 3 -

4919-9825-9473.v1

| **Movant** | **Factor 1** Total Shares Purchased During CP (Including Covered) | **Factor 2** Net Shares Purchased During CP | **Factor 3** Net Funds Expended During CP | **Factor 4** Approximate Losses |
|---|---|---|---|---|
| Ms. Tai | 181,751 shares + 2,074 option contracts | 59,850 | $4,115,940 | $360,400 |
| Mr. Papas[2] | 3,950 | 3,950 | $259,436 | $19,212 |
| Mr. Catt and Ms. Desai | 13,100 | 4,350 | $276,579 | $14,829 |
| Mr. Burk | 2,300 | 2,300 | $147,569 | $7,745 |

In sum, Ms. Tai possesses the largest financial interest. Pursuant to the PSLRA's process, "further inquiry must focus on [Ms. Tai] alone and be limited to determining whether [she] satisfies the other statutory requirements." *Cavanaugh*, 306 F.3d at 732.

### B.    Ms. Tai Also Satisfies the Rule 23 Requirements

Because Ms. Tai possesses the greatest financial interest, the next question is whether she "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the Rule 23 determination is limited to typicality and adequacy. *Cavanaugh*, 306 F.3d at 730. As evidenced by the information provided by Ms. Tai in her lead plaintiff application, there is no question that she is both typical of the putative class and adequate. *See* ECF 24 at 4. Ms. Tai satisfies the typicality requirement as her claims are essentially identical to those of all other class members and rely on the same factual and legal arguments. *Id.* Ms. Tai is adequate because, *inter alia*, her interests are aligned with those of other class members because

---

[2]    In addition to claiming less than 6% of the losses that Ms. Tai claims, Mr. Papas is further ineligible for appointment as lead plaintiff because "there is a lack of detail for the Court to determine the sophistication and suitability of [Papas] as Lead Plaintiff." *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *4 (S.D. Cal. Feb. 12, 2021); *see Lako v. Loandepot, Inc.*, 2022 WL 1314463, at *6 (C.D. Cal. May 2, 2022) (rejecting group's lead plaintiff application where the group "provided the Court with almost no information about its individual members"); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) ("The record contains no evidence that the Gads are competent to serve as lead plaintiffs in this matter or to supervise the host of attorneys representing them. There is no evidence that the Gads possess the requisite sophistication to supervise this litigation. Nor is there any evidence that the Gads have the resources to supervise and participate fully in this litigation. Moreover, the court is unconvinced that the Gads appreciate the nature of the role which they seek to perform in this litigation.").

- 4 -

all class members (like Ms. Tai) purchased Chipotle common stock or purchased call options or sold put options and were negatively impacted by defendants' alleged wrongdoing.  Moreover, Ms. Tai has more than four decades of investing experience and has spent nearly three decades working as a controller for non-profit organizations.  *See* ECF 25-4.  As such, Ms. Tai is not just highly incentivized to vigorously prosecute this Action, but also highly qualified to oversee counsel in this case.  In addition, Ms. Tai selected lead counsel that is highly qualified to prosecute this securities fraud class action.  *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 789-90, 797 (S.D. Tex. 2008) (Robbins Geller as sole lead counsel obtaining the largest securities recovery of all time; court finding that "it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Karinski v. Stamps.com, Inc.*, No. 2:19-cv-01828-MWF-SK, ECF 215 at 2 (C.D. Cal. Mar. 17, 2022) (Approving $100 million settlement in a securities class action filed against Stamps.com and finding that: "Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy[.]").

Because Ms. Tai has the largest financial interest and satisfies Rule 23's requirements, she is presumptively the "most adequate plaintiff."

### C.    The Competing Motions Should Be Denied Because the Competing Movants Lack the Largest Financial Interest and Cannot Rebut the Presumption in the Ms. Tai's Favor

To rebut the presumption in favor of Ms. Tai's appointment as lead plaintiff, the PSLRA requires class members to submit "proof" that Ms. Tai "will not fairly and adequately protect the interests of the class," or are "subject to unique defenses."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  None exists.  Because each of the competing movants have smaller losses than Ms. Tai and cannot rebut the presumption that Ms. Tai is the most adequate plaintiff, their motions must be denied.  Indeed, pursuant to the PSLRA's sequential process, the Court may only consider competing movants' motions "if and ***only if*** [Ms. Tai] is found inadequate or atypical." *Cavanaugh*, 306

- 5 -

4919-9825-9473.v1

F.3d at 732 (emphasis added).  Because Ms. Tai is "both willing to serve and satisfies the requirements of Rule 23," the competing motions should be denied.  *Id.* at 730.

## III.   CONCLUSION

Ms. Tai suffered the greatest loss and has demonstrated her ability to satisfy Rule 23's typicality and adequacy requirements.  Ms. Tai's motion should be granted.

DATED:  January 22, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY


             s/ Juan Carlos Sanchez
          JUAN CARLOS SANCHEZ

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 6 -

4919-9825-9473.v1

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lisa Tai, certifies that this brief contains 1,626 words, which complies with the word limit of L.R. 11-6.1.

DATED:  January 22, 2025

s/ Juan Carlos Sanchez
JUAN CARLOS SANCHEZ

4919-9825-9473.v1