UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STRADFORD, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>CHIPOTLE MEXICAN GRILL, INC., BRIAN NICCOL, and JOHN R. HARTUNG,<br><br>                  Defendants. | Case No. 8:24-cv-02459-SPG-JDE<br><br>**ORDER GRANTING LISA TAI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND DENYING THE MOTIONS OF LOUIS PAPAS, SAMUEL CATT AND NUTAN DESAI, AND BURK STUART [ECF NOS. 14, 16, 20, 22]** |

Before the Court are the Motions for the appointment of lead plaintiff and corresponding approval of the selection of lead counsel filed by Lisa Tai (ECF No. 22 ("Tai Motion")), Louis Papas (ECF No. 16 ("Papas Motion")), Samuel Catt and Nutan Desai (ECF No. 20 ("Catt/Desai Motion")), and Burk Stuart (ECF No. 14 ("Stuart Motion")). Because all other parties have either withdrawn, filed a notice of non-opposition, or failed to file a notice of opposition, the Tai Motion is unopposed. The Court has read and considered the matters raised with respect to the Motions and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this

case, the Court GRANTS the Tai Motion and DENIES the Papas, Catt/Desai, and Stuart Motions.

## I. BACKGROUND

Defendant Chipotle Mexican Grill, Inc. ("Chipotle") is the owner and operator of a restaurant chain that serves burritos, burrito bowls, quesadillas, tacos, and salads, among other food items. (ECF No. 1 ("Complaint") ¶ 7). Beginning in the spring and summer of 2024, Chipotle customers began to express grievances online about the company's inconsistent or inadequate portion sizes. (*Id.* ¶ 23). These grievances were covered in news articles and prompted investigative reporting about Chipotle's portion sizes. (*Id.* ¶ 24, 32).

The Complaint alleges that between February 8, 2024, and October 29, 2024, (the "Class Period"), Defendants made materially false and misleading statements or omissions relating to the portion sizes and the need to "ensure more generous portion sizes, which would increase cost of sales." (*Id.* ¶ 37). Specifically, the Complaint alleges that Chipotle's 2023 Annual Report "understated how difficult it would be to compete" given the customer complaints, and that Chipotle falsely denied that portion sizes had gotten smaller when "portions had in fact gotten smaller in many cases." (*Id.* ¶¶ 18, 31).

In response to the customer complaints, Chipotle announced efforts to increase and standardize portion sizes. (*Id.* ¶ 38). On an earnings call on July 24, 2024, Chipotle's CEO, Defendant Brian Niccol ("Niccol"), stated that partially as a result of these efforts, Chipotle expected its cost of sales to increase to "just below 31%" in the third quarter of 2024. (*Id.* ¶ 39). In response to this disclosure, the stock price fell 1.85% and an additional 1.9% the following day. (*Id.* ¶ 40). Then, on an earnings call on October 29, 2024, Chipotle's interim CEO stated that cost of sales in the third quarter had been 30.6%. (*Id.* ¶ 41). On this news, the price of Chipotle stock fell by 7.86%. (*Id.* ¶ 44).

On November 11, 2024, Plaintiff Michael Stradford ("Stradford") brought this action on behalf of himself and a putative class of individuals who, during the Class Period, (1) purchased Chipotle's common stock, (2) purchased Chipotle call options, or (3) sold

Chipotle put options. (*Id.* ¶ 46). The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities and Exchange Act against Chipotle, Niccol, and Chipotle CFO John Hartung (collectively, "Defendants"). (*Id.* at 16-19). On the same day, Stradford published notice in *Business Wire*, advising members of the putative class of the pending class action and of the January 10, 2025, deadline to submit a motion to serve as lead plaintiff. *See* (ECF No. 25-1 (Exhibit A to Declaration of Lisa Tai ("Tai Ex. A"))).

On January 10, 2025, Tai, Papas, Catt and Desai, and Stuart each filed motions seeking appointment as lead plaintiff for the putative class and approval of their selection of lead counsel. (Tai Mot.; Papas Mot.; Catt/Desai Mot.; Stuart Mot.). On January 25, 2025, Tai filed an opposition to the other putative class members' competing motions, (ECF No. 37), while Catt and Desai filed a notice of non-opposition to the same, (ECF No. 35), and Stuart filed a notice of withdrawal, (ECF No. 36). Papas did not file either an opposition or a notice of non-opposition.

## II.  LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") imposes early notice requirements on plaintiffs:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
> (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

After the plaintiff satisfies the notice requirement, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines

to be most capable of adequately representing the interests of class members." *Id.* § 78u-4(a)(3)(B)(i). The PSLRA establishes a rebuttable presumption that "the most adequate plaintiff" is the person that:

> (aa)  has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I). A competing putative class member may defeat this presumption with evidence "that the presumptively most adequate plaintiff" either "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

### III.   DISCUSSION

#### A.   Stradford satisfied the PSLRA's Notice Requirement

To comply with the PSLRA, a plaintiff must (1) publish notice within 20 days of filing their complaint in (2) " a widely circulated national business-oriented publication or wire service," advising the putative class of (3) "the pendency of the action, the claims asserted therein, and the purported class period," as well as that (4), "not later than 60 days after the notice's publication, any member of the putative class may move to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(A)(i).

Here, Stradford published notice of this lawsuit on November 11, 2024, the same day he filed suit. *Compare* (Tai Ex. A) *with* (Compl.). Stradford published notice in *Business Wire*, (Tai Ex. A), a national, widely circulated, business-oriented wire service. *See Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *4 (C.D. Cal. June 11, 2020) (approving publication in *Business Wire* as sufficient to meet PSLRA publication requirement). The notice stated that "Rosen Law Firm . . . has filed a class action lawsuit on behalf of purchasers of Chipotle Mexican Grill, Inc. (NYSE: CMG)

common stock between February 8, 2024 and October 29, 2024 . . . and those who purchased Chipotle call options or sold put options during the Class Period." (Tai Ex. A at 2). The notice also described the claims at issue and notified investors that if they wished to serve as lead plaintiff they "must move the Court no later than January 10, 2025." (*Id.*). Accordingly, Stradford's notice satisfies the requirements of the PSLRA.

### B. Selection of Lead Plaintiff

Although four aspiring lead plaintiffs initially filed Motions in response to Stradford's notice, Catt and Desai subsequently filed a Notice of Non-Opposition indicating that they "do not have the 'largest financial interest' in this litigation." (ECF No. 35 at 2). Stuart filed a notice of withdrawal, indicating that "Lisa Tai . . . has the largest financial interest in the relief sought by the class as required by the PSLRA, and is otherwise adequate to represent the class." (ECF No. 36 at 2). While Tai filed a notice of opposition to the other Motions, (Tai Opp.), Papas filed no notice of either opposition or non-opposition. Accordingly, it appears that the Tai Motion is unopposed. Nevertheless, the Court will conduct an independent examination of the factors to ensure that Tai is the most adequate lead plaintiff.

Under the PSLRA, the presumptively most adequate plaintiff (1) "either filed the complaint or made a motion in response to a notice under subparagraph (A)(i)"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Tai timely filed the Motion on January 10, 2025, in response to notice properly issued by Stradford under 15 U.S.C. § 78u-4(a)(3)(A)(i). Accordingly, Tai has satisfied the first requirement.

Next, the Court must compare each party's "financial interest in the litigation," using accounting methods that are both "rational and consistently applied." *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002). In making this determination, courts within the Ninth Circuit generally refer to one of four metrics: "1) number of shares purchased during the class period; 2) net shares purchased during the class period; 3) net funds expended

during the class period; and 4) approximate losses from the alleged fraud." *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 995 (N.D. Cal. 1999). *See also Ferreira*, 2020 WL 3246328, at *5 (same). Here, by any metric, Tai has the largest financial stake. During the Class Period, Tai purchased 181,751 shares of Chipotle common stock, sold over 100,000 shares, made various other transactions in Chipotle options, and allegedly suffered approximately $360,400 in losses. (Tai Opp. at 2; ECF No. 24 ("Tai Memo") at 4; ECF No. 25-2; ECF No. 25-3). By comparison, Papas purchased 3,950 shares and allegedly suffered losses of $19,213, (ECF No. 17 at 6; ECF No. 16-4), Catt and Desai purchased 13,100 shares and allegedly suffered losses of $14,829, (ECF No. 23 at 9; ECF No. 27-1), and Stuart purchased 2,300 shares and allegedly suffered losses of $7,745.07, (ECF No. 14-2 at 6; ECF No. 14-6). Thus, a comparison of "the financial stakes of the various plaintiffs" reveals that Tai has "the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730.

Finally, once a court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Id.* at 732. The court makes its initial Rule 23 determination as to that plaintiff, based on the information provided by the plaintiff in his pleadings. *Id.* at 730. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks and citation omitted). To determine whether a plaintiff meets Rule 23's adequacy requirement, courts "ask two questions: (1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, Tai alleges that, "[l]ike all other class members, she: (1) purchased Chipotle common stock during the Class Period; (2) was adversely affected by defendants' wrongful

conduct; and (3) suffered damages thereby." (Tai Memo at 5). As for adequacy, in her sworn certification and declaration, Tai asserts that she understands the duties of lead plaintiff and is willing to perform these duties on behalf of all the class members. (*Id.*; ECF No. 25-2 at 2; ECF No. 25-4 at 2). Tai also suggests that her appointment of "experienced and qualified counsel" supports her claim of adequacy. (Tai Memo at 5). Based on these allegations, the Court preliminarily concludes that Tai meets Rule 23's typicality and adequacy requirements. Thus, Tai is presumptively the most adequate lead plaintiff.

After a presumptively most adequate lead plaintiff is identified, other plaintiffs have "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Here, however, none of the other applicants for lead plaintiff are contesting Tai's appointment as lead plaintiff. "[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job." *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 669 (C.D. Cal. 2005) (quoting *In re Cendant Corp. Litigation,* 264 F.3d 201, 268 (3d Cir. 2001)). As no party has done so, and Tai has satisfied her burden to show preliminary typicality and adequacy under Rule 23, the Court GRANTS her Motion to be appointed lead plaintiff.

### C. Selection of Class Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(v). The Ninth Circuit recognizes "a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Cavanaugh*, 306 F.3d at 734 n.14 (citation omitted). Indeed, "[a] court may disturb the lead plaintiff's choice of counsel only if it appears necessary to 'protect the interests of the class.'" *Tanne*, 226 F.R.D. at 673 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

Tai requests the Court approve her selection of the law firm Robbins Geller Rudman & Dowd ("Robbins Geller") as lead counsel. (Tai Memo at 2). As one court has noted, Robbins Geller "specializes in securities fraud actions" and has handled some "of the largest and highest-profile securities cases," and it is therefore "undisputable that class counsel in this case has extensive experience prosecuting suits of this nature." *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009). Given the firm's reputation and the absence of any opposition, the Court GRANTS Tai's motion to approve her selection of Robbins Geller as lead counsel for the putative class.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Tai Motion and DENIES the Papas, Stuart, and Catt/Desai Motions. Tai is hereby appointed lead plaintiff, and Robbins Geller is hereby appointed lead counsel.

**IT IS SO ORDERED.**

DATED: February 21, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE