LATHAM & WATKINS LLP
Michele D. Johnson (CA Bar No. 198298)
 michele.johnson@lw.com
Ryan A. Walsh (CA Bar No. 294506)
 ryan.walsh@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Andrew B. Clubok (*pro hac vice*)
 andrew.clubok@lw.com
Susan E. Engel (*pro hac vice*)
 susan.engel@lw.com
Matthew J. Peters (*pro hac vice*)
 matthew.peters@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

*Attorneys for Defendants Chipotle
Mexican Grill, Inc., Brian Niccol,
John R. Hartung, and Laurie Schalow*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRADFORD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHIPOTLE MEXICAN GRILL, INC., BRIAN NICCOL, JOHN R. HARTUNG, and LAURIE SCHALOW, <br><br> Defendants. | Case No. 8:24-cv-02459-SPG-JDE <br><br> **REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT** <br><br> Judge: Hon. Sherilyn Peace Garnett <br> Date: November 5, 2025 <br> Time: 1:30 p.m. <br> Place: Courtroom 5C <br><br> *[Motion; Memorandum of Points and Authorities; Declaration in Support; concurrently filed herewith]* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

Pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine, Defendants Chipotle Mexican Grill, Inc. ("Chipotle"), Brian Niccol, John R. Hartung, and Laurie Schalow (collectively "Defendants") respectfully request that the Court consider 20 documents submitted in connection with Defendants' concurrently filed Motion to Dismiss the Consolidated Complaint (the "Motion") and attached to the Declaration of Matthew J. Peters (the "Peters Declaration"). All of these documents are incorporated by reference into the Consolidated Complaint ("Complaint" or "Compl."), subject to judicial notice, or both.

Specifically, Chipotle asks the Court to consider the following documents, which are attached to the Declaration of Matthew J. Peters in Support of Defendants' Motion to Dismiss the Consolidated Complaint, and listed by exhibit number:

1.  **Exhibit 1**: a true and correct copy of a *New York Post* article entitled, "Chipotle called out by fans over 'shrinking' portion sizes – experts are warning the chain not to ignore them," dated December 19, 2023, and which is publicly available at https://nypost.com/2023/12/19/lifestyle/chipotle-called-out-by-fans-over-decreased-portion-sizes/.

2.  **Exhibit 2**: a true and correct copy of Chipotle's Form 10-K for the period ended December 31, 2023, which was filed with the Securities and Exchange Commission ("SEC") on February 8, 2024, and is publicly available at https://www.sec.gov/edgar.

3.  **Exhibit 3**: a true and correct copy of Chipotle's Form 10-Q for the period ended March 31, 2024, which was filed with the SEC on April 25, 2024, and is publicly available at https://www.sec.gov/edgar.

4.  **Exhibit 4**: a true and correct copy of a *Restaurant Business Online* article entitled "Even Keith Lee agrees Chipotle has a portion-size problem," dated May 16, 2024, and which is publicly available at https://www.restaurantbusinessonline.com/operations/even-keith-lee-agrees-chipotle-has-portion-size-problem.

5.  **Exhibit 5**: a true and correct copy of a *Washington Post* article entitled, "Chipotle portions haven't shrunk, company says after TikTok backlash," dated May 29, 2024, and which is available at https://www.washingtonpost.com/food/2024/05/29/chipotle-portion-size-complaints-criticism/.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

6.    **Exhibit 6**: a true and correct copy of a Wells Fargo analyst report, dated June 27, 2024, and which is available at https://www.capitaliq.com.

7.    **Exhibit 7**: a true and correct copy of a *Bloomberg* article entitled, "Chipotle Rout on Portion Woes is Chance to Buy, Analysts Say," dated July 12, 2024, and which is available at https://www.bloomberg.com/news/articles/2024-07-12/chipotle-rout-amid-portion-debate-is-chance-to-buy-analysts-say.

8.    **Exhibit 8**: a true and correct copy of a Wells Fargo analyst report, dated July 17, 2024, and which is available at https://www.capitaliq.com.

9.    **Exhibit 9**: a true and correct copy of the transcript from Chipotle's Q2 2024 Earnings Call, dated July 24, 2024, and which is available at https://www.spglobal.com/market-intelligence/en.

10.   **Exhibit 10**: a true and correct copy of a Deutsche Bank analyst report, dated July 25, 2024, and which is available at https://www.capitaliq.com.

11.   **Exhibit 11**: a true and correct copy of a Evercore ISI analyst report, dated July 25, 2024, and which is available at https://www.capitaliq.com.

12.   **Exhibit 12**: a true and correct copy of a *Wall Street Journal* article entitled, "Chipotle Fans Take Burrito 'Skimp' Into Their Own Hands," dated August 5, 2024, and which is available at https://www.wsj.com/lifestyle/chipotle-burrito-skimp-sizes-portions-00d27593.

13.   **Exhibit 13**: a true and correct copy of the transcript from Chipotle's Q3 2024 Earnings Call, dated October 29, 2024, and which is available at https://www.spglobal.com/market-intelligence/en.

14.   **Exhibit 14**: a true and correct copy of historical data for the price of Chipotle's stock (CMG) between October 2, 2023, and December 30, 2024, published by *Yahoo! Finance* and publicly available at https://finance.yahoo.com/quote/CMG/history (last visited June 30, 2025).

15.   **Exhibit 15**: a true and correct copy of John R. Hartung's Form 4 filed on June 14, 2024, with the SEC, which is publicly available at https://www.sec.gov/edgar.

16.   **Exhibit 16**: a compilation of true and correct copies of Brian Niccol's Forms 4 filed on April 26, 2024, February 16, 2023, February 9, 2022, and January 3, 2022, with the SEC, which are publicly available at https://www.sec.gov/edgar.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

3

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

17.   **Exhibit 17**: a true and correct copy of a *BroBible* article entitled, "Finance Bro Discovers Chipotle is Completely Lying about Consistent Portion Sizes," dated June 27, 2024, which is publicly available at https://brobible.com/sports/article/wells-fargo-analyst-chipotle-lying/.

18.   **Exhibit 18**: a true and correct copy of a *CNN Business* article entitled, "An analyst ordered 75 Chipotle burrito bowls to test portion size," dated June 28, 2024, which is publicly available at https://www.cnn.com/chipotle-portion-sizes-smaller-test.

19.   **Exhibit 19**: a true and correct copy of a TD Securities (USA) LLC analyst report entitled, "Causal Catch-Up w/Fast Casual Execs Vol 15+ BROS/CAVA/CMG/SHAK/SG Read-Thrus," dated July 15, 2024 and which is available at https://www.capitaliq.com.

20.   **Exhibit 20**: a true and correct copy of a *YouGov* article entitled, "Is Chipotle feeling the heat amid portion size concerns? Buzz and Value scores are certainly dipping," dated July 19, 2024, which is publicly available at https://business.yougov.com/content/50139-chipotle-brand-health-tiktok-portion-sizes-2024.

## I.   LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *7-8 (C.D. Cal. Feb. 16, 2023) (considering on a motion documents plaintiff referenced and relied on in the complaint).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *14 (C.D. Cal.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

4

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

Apr. 14, 2015) ("Where a document has been incorporated by reference in a complaint, a court 'may treat such a document as part of the complaint'" and "can consider the entire document, not simply the portion on which plaintiffs rely." (citations omitted)). This prevents plaintiffs from "selecting only portions of documents that support their claims, while omitting portions" that do not, *Khoja*, 899 F.3d at 1002. A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citation omitted); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference applies to "situations in which the plaintiff's claim depends on the contents of a document … even though the plaintiff does not explicitly allege the contents of that document in the complaint").

Under the Federal Rules of Evidence, courts may also take judicial notice of any fact that is "not subject to reasonable dispute" because it is either: "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, "such as SEC filings," are properly the subject of judicial notice and are routinely considered in deciding a motion to dismiss in a securities case. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007). While courts may take judicial notice of the contents of a public record, that "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Documents that are subject to judicial notice can be considered "without converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (citation omitted).

## II.   ARGUMENT

### A.   Exhibits 1-13 and 15-20 Are Incorporated by Reference

Exhibits 1 through 13 and 15 through 20 are all incorporated by reference

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

5

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

because they are referenced "extensively" throughout the Complaint and "form[] the basis" of Plaintiff's allegations. *Khoja*, 899 F.3d at 1002 (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)); *see also Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (incorporating by reference SEC filings and a report that purportedly caused a stock price drop).

**SEC Filings (Exhibits 2, 3, 15, and 16)**: These SEC filings are properly incorporated by reference because they form the basis of Plaintiff's claims and are referenced throughout the Complaint. Plaintiff alleges that Chipotle's Form 10-K for the period ending December 31, 2023 and Form 10-Q for the period ending March 31, 2024 contain false or misleading statements about Chipotle's portion sizes. Compl. ¶¶ 7, 8, 15, 48, 49, 50, 51; *see Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *5 (C.D. Cal. Mar. 5, 2021) (incorporating by reference documents containing "misrepresentations or omissions that form the basis of Plaintiff's claim"); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) ("Courts can consider securities offerings and corporate disclosure documents that are publicly available." (citations omitted)). Courts routinely incorporate SEC filings by reference at the motion to dismiss stage. *Sanders v. The RealReal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021); *In re eHealth, Inc. Sec. Litig.*, 2023 WL 6390593, at *3 (N.D. Cal. Sept. 28, 2023) ("10-Ks filed for 2017 and 2018 are … repeatedly referred to and quoted in the complaint, such that they are properly incorporated by reference.").

Additionally, as a basis for its scienter allegations, the Complaint explicitly refers to stock sales by Defendants Brian Niccol on April 26, 2024, and John R. Hartung on June 13, 2024, Compl. ¶¶ 7-8, 95-97, and therefore it is appropriate to consider the SEC Forms 4 that disclose those sales, attached as Exhibits 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

6

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

(Hartung) and 16 (Niccol).[1] *See Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. Dec. 5, 2022) (incorporating by reference disclosures of stock sales "on which Plaintiff relies to establish scienter"). Courts regularly find that such forms can be incorporated by reference, even when they are not explicitly identified in a complaint. *See Knievel*, 393 F.3d at 1076 (applying the incorporation by reference doctrine to documents that the plaintiff does not explicitly allege the contents of in the complaint but on which the plaintiff's claim depends); *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020) ("Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action." (quoting *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018))); *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) (considering Forms 4 not specifically referenced in the complaint but which "necessarily form the basis for Plaintiffs' allegations" and "provide relevant information concerning an inference of scienter"); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal. 2020) (taking judicial notice of SEC Forms 4 "even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan" (quoting *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012)).

**Investor Call Transcripts (Exhibits 9 and 13)**: These exhibits consist of investor call transcripts, referred to throughout the Complaint, which are similarly incorporated by reference because they are relied on extensively to support Plaintiff's allegations and form the basis for Plaintiff's claims. Compl. ¶¶ 12, 15, 16, 20, 47, 58, 59, 69, 70, 72, 81, 82, 84, 85, 93. These transcripts contain statements that Plaintiff contends are false or misleading, Compl. ¶ 58, or constitute corrective disclosures, *id.* ¶ 69-70, 72-73. Therefore, these Exhibits "have essentially been

---

[1] As explained *infra*, Niccol's Forms 4 regarding transactions on dates other than April 26, 2024, are subject to judicial notice.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

7

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

adopted" as part of the Complaint and may be considered in their entirety in connection with the Motion to Dismiss. *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013); *see also Callen v. Resonant Inc.*, 709 F. Supp. 3d 1021, 1025 (C.D. Cal. 2023) (incorporating by reference earnings calls "cit[ed] extensively" in complaint).

**News Articles (Exhibits 1, 4, 5, 7, 12, 17, 18, and 20):** Plaintiff references these articles throughout the Complaint and claims that these news articles either contained Defendants' allegedly false statements or constituted corrective disclosures. *See, e.g.*, Compl. ¶¶ 15, 38, 39, 42, 51, 52, 54, 56, 62, 63, 64, 67, 88, 89, 91. Accordingly, on top of being referenced throughout the Complaint, they form the basis for Plaintiff's claims and are properly incorporated by reference. *Garcia*, 2021 WL 1558331, at *6 (incorporating by reference documents that allegedly "revealed the truth about [the company] and caused its stock price to drop, thereby forming the basis of Plaintiff's claim"); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019) (incorporating by reference "news articles the [complaint] identifie[d] as corrective disclosures").

**Analyst Reports (Exhibits 6, 8, 10, 11, and 19)**. Plaintiff references investment analyst reports in the Complaint and claims that they functioned as corrective disclosures. *See, e.g.*, Compl. ¶¶ 17, 45, 46, 60, 62,63, 65, 66, 70, 78, 79. All of these analyst reports are therefore properly considered as incorporated into the Complaint. *Khoja*, 899 F.3d 988 at 1004 (finding district court did not abuse its discretion by incorporating market reports because the reports "form[ed] the basis of Khoja's claim that the market relied on Orexigen's claims"); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (incorporating by reference "multiple analyst reports" referenced in complaint).

**B.    All Exhibits Are Subject to Judicial Notice**

Separately, judicial notice of all 20 exhibits is appropriate because each is a "matter[] of public record" or otherwise available in the public domain, *Khoja*, 899

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

8

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

F.3d at 999, and each "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b).

**SEC Filings (Exhibits 2, 3, 15, and 16)**: Courts regularly take judicial notice of SEC filings in connection with motions to dismiss in securities cases. *See, e.g.*, *Sylebra Cap. Partners Master Fund Ltd v. Everbridge, Inc.*, 2023 WL 3549506, at *1-2 (C.D. Cal. May 9, 2023) (taking judicial notice of "several SEC filings, press releases, and earnings call transcripts"); *Metzler*, 540 F.3d at 1064 n.7 (citation omitted) (SEC filings subject to judicial notice); *Dreiling*, 458 F.3d at 946 n.2 (listing "SEC filings" as example of "matter[s] subject to judicial notice"); *see also Russian Hill Capital, LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of SEC filings to the extent that they show defendants "made the statements contained therein"); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (explaining that judicial notice of SEC filings is proper "for the purpose of determining what statements the documents contain"). Exhibits 2, 3, 15, and 16 are all documents that were filed publicly with the SEC. None is subject to reasonable dispute, and each is capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar. As such, the Court may take judicial notice of these exhibits to determine "what statements the documents contain," *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005), or whether and when Individual Defendants made "stock sales," *City of Royal Oak Ret. Sys.*, 880 F. Supp. 2d at 1059; *accord In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828-29 (N.D. Cal. 2019) (*Facebook I*).

**News Articles (Exhibits 1, 4, 5, 7, 12, 17, 18 and 20)**: Judicial notice of Exhibits 1, 4, 5, 7, 12, 17, 18, and 20 is appropriate because these documents are publicly available news articles. What those articles said and when they said it is "readily determin[able] from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

9

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

aware of the information contained in news articles submitted by the defendants"); *Crews*, 2023 WL 3050081, at *7 ("Federal courts regularly take judicial notice of … news articles … in securities complaints.").

To be sure, Defendants are not seeking judicial notice of these articles for the truth of the matters asserted (and, in fact, dispute the accuracy of accusations contained in the news articles). Rather, the Court may take judicial notice of the entirely of these exhibits for the fact of the reports and that the market was aware of them. *See Facebook I*, 405 F. Supp. 3d at 828 (granting judicial notice of eleven publicly available news articles "to show that the market was aware of the information contained in the articles"); *see also In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) (judicial notice of news articles proper to "show[] that particular information was available to the stock market" (quoting *Gerristen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015)).

**Investor Call Transcripts (Exhibits 9 and 13)**: Exhibits 9 and 13 are subject to judicial notice because they are transcripts of earnings calls publicly available on the internet and thus "capable of accurate and ready determination from sources whose accuracy cannot be questioned." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020); *Facebook II*) ("[A] court may take judicial notice ... [of] publicly accessible websites whose accuracy and authenticity are not subject to dispute."), *aff'd in part, rev'd in part and remanded on other grounds*, 2023 WL 8365362 (9th Cir. Dec. 4, 2023); *Evanston Police Pension Fund*, 411 F. Supp. 3d at 593 ("[The] transcript of the earnings call and the SEC filings are publicly-filed documents whose accuracy cannot reasonably be questioned and are therefore subject to judicial notice."); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) (finding public "earnings conference call transcripts" subject to judicial notice); *City of Royal Oak Ret. Sys.*, 880 F. Supp. 2d at 1058 ("[T]ranscripts of Juniper's earnings calls … are proper

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

10

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

subjects of judicial notice."). Judicial notice of publicly filed earnings transcripts is particularly appropriate "for the limited purpose of determining what information was disclosed to investors during the class period, including the full language of any alleged misstatements." *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023).

**Analyst Reports (Exhibits 6, 8, 10, 11, and 19)**. "Courts routinely take judicial notice of analyst reports" to "determine what may or may not have been disclosed to the public." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *accord Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 (9th Cir. 2017). The analyst reports attached as Exhibits 6, 8, 10, 11, and 19 should be treated no differently.

**Historical Stock Price (Exhibit 14)**. The Court may also take judicial notice of Exhibit 14 (CMG Historical Stock Data), which documents the price of Chipotle's common stock between October 2, 2023, through December 30, 2024. Chipotle's public stock price is not a fact subject to reasonable dispute, and it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"—here, Yahoo! Finance's public website. Fed. R. Evid. 201(b). Courts routinely take judicial notice of stock charts depicting daily stock prices from credible sources, including Yahoo! Finance. *See, e.g., Metzler*, 540 F.3d at 1064 n.7 (9th Cir. 2008) (holding it was "proper" to take "judicial notice for … stock price history"); *In re Nvidia Corp. Sec. Litig.,* 2010 WL 4117561, at *2 n. 3 (N.D. Cal. Oct. 19, 2010) (taking judicial notice of daily closing prices as reported by Yahoo! Finance); *Okla. Firefighters Pension & Ret. Sys.*, 50 F. Supp. 3d at 1349 (similar).

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-20 in connection with Defendants' Motion.

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW

11

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE

Dated: July 1, 2025                    Respectfully submitted,

                                       LATHAM & WATKINS LLP


                                       By  */s/ Michele D. Johnson*
                                       Michele D. Johnson (CA Bar No. 198298)
                                        michele.johnson@lw.com
                                       Ryan A. Walsh (CA Bar No. 294506)
                                        ryan.walsh@lw.com
                                       650 Town Center Drive, 20th Floor
                                       Costa Mesa, California 92626-1925
                                       Telephone: +1.714.540.1235
                                       Facsimile: +1.714.755.8290

                                       Andrew B. Clubok (*pro hac vice*)
                                        andrew.clubok@lw.com
                                       Susan E. Engel (*pro hac vice*)
                                        susan.engel@lw.com
                                       Matthew J. Peters (*pro hac vice*)
                                        matthew.peters@lw.com
                                       555 Eleventh Street, NW, Suite 1000
                                       Washington, D.C. 20004-1304
                                       Telephone: +1.202.637.3309
                                       Facsimile: +1.202.637.2201


                                       *Attorneys for Defendants Chipotle*
                                       *Mexican Grill, Inc., Brian Niccol,*
                                       *John R. Hartung, and Laurie Schalow*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

12

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS CONSOL.
CLASS ACTION COMPL.
Case No. 8:24-CV-02459-SPG-JDE