ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG (179109)
TRIG R. SMITH (237399)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRADFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br><br>Defendants. | Case No. 8:24-cv-02459-SPG-JDE<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT<br><br>DATE:    November 5, 2025<br>TIME:    1:30 p.m.<br>CTRM:   5C<br>JUDGE:  Hon. Sherilyn Peace Garnett |

4901-6192-3931.v1

Lead Plaintiff Lisa Tai ("Plaintiff") hereby respectfully submits this opposition to Defendants'[1] Request for Judicial Notice and Incorporation by Reference in Support of Defendants' Motion to Dismiss the Consolidated Complaint (ECF 56) ("RJN"), filed concurrently with Defendants' Notice of Motion and Motion to Dismiss the Consolidated Complaint (ECF 55) ("Motion").

## I.    INTRODUCTION

Defendants ask this Court to incorporate by reference and/or judicially notice 20 separate exhibits spanning over 142,391 words (292 pages) in connection with their Motion.  The Ninth Circuit has emphasized the harm in the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281-82 (C.D. Cal. 2016) (criticizing "inappropriate efforts by defendants" bringing motions "filed with hundreds of pages of attachments," as such "efforts to expand courts' consideration of extrinsic evidence . . . diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court").

Plaintiffs do not dispute that the Court may consider Defendants' Exhibits 1-4, 6-11, 13-15, and 17-20.[2]  For reasons below, however, the Court should not consider Exhibits 5, 12, and portions of 16.

## II.    ARGUMENT

### A.    Legal Standards

"Generally, district courts may not consider material outside the pleadings" in ruling on a Rule 12(b)(6) motion. *See Khoja*, 899 F.3d at 998.  "There are two

---

[1]    "Defendants" are Chipotle Mexican Grill, Inc. ("Chipotle"), Brian Niccol ("Niccol"), John R. Hartung, and Laurie Schalow.

[2]    Defendants' exhibits referred to herein are attached to the Declaration of Matthew J. Peters in Support of Defendants' Motion to Dismiss the Consolidated Complaint (ECF 55-2) ("Peters Decl.").

- 1 -

4901-6192-3931.v1

exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

### 1. Incorporation by Reference

The incorporation-by-reference doctrine "'treats certain documents as though they are part of the complaint itself.'" *Sinatro v. Barilla Am., Inc.*, 635 F. Supp. 3d 858, 869 (N.D. Cal. 2022).[3]  It is only appropriate for a document to be considered incorporated by reference if: (1) the complaint "refers extensively to the document"; or (2) the document "forms the basis of the plaintiff's claims." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The questions of whether and how to consider documents purportedly incorporated by reference turn not only on how plaintiffs have used the document to support their complaint, but how defendants use the document to support their motion to dismiss.  As the Ninth Circuit has held, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002.  The incorporation-by-reference doctrine therefore cannot be used as "a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003.  Thus, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

### 2. Judicial Notice

Federal Rule of Evidence 201 provides for judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b).  While certain facts within public records may be the proper subject of judicial notice, a "'court cannot take judicial notice of disputed facts contained in such public records.'" *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 929 (N.D. Cal. 2022).  Indeed, courts should take judicial notice of only "what was said, when it was said, and who said it without prejudice to

---

[3]    Unless otherwise noted, citations are omitted.

- 2 -

4901-6192-3931.v1

plaintiff's ability to contest the accuracy of those statements." *In re Impinj, Inc., Sec. Litig.*, 414 F. Supp. 3d 1327, 1333 (W.D. Wash. 2019).

### B.    Opposed Documents

#### 1.    Exhibits 5 and 12 Are Not Incorporated by Reference

Defendants argue that Exhibits 5 and 12 should be incorporated by reference since both Exhibits are "referenced 'extensively' throughout the Complaint." RJN at 5-6. However, both Exhibits 5 and 12 are not referred to anywhere in the complaint. Thus, they must be disregarded as they are "unnecessary for the Court to decide the Motions." *Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *8 (C.D. Cal. Feb. 16, 2023).

#### 2.    Newspaper Reports (Exhibits 5 and 12) Should Not Be Judicially Noticed

Defendants request that the Court take judicial notice of two newspaper articles about Chipotle and the shrinkage in portion sizes, Exhibits 5 and 12. RJN at 2-4. None of these articles provides any basis for judicially noticing these documents.

Defendants claim that they are including these articles not for the truth of the matter asserted, but for the Court to "take judicial notice of the entire[t]y of these exhibits for the fact of the reports and that the market was aware of them." RJN at 10. That justification is not sufficient. *See Khoja*, 899 F.3d at 999 ("A court must also consider – and identify – which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Here, Defendants do not identify which purported judicially noticeable facts are contained in the documents. *See Felipe v. Playstudios Inc.*, 2024 WL 1380802, at *6 (D. Nev. Mar. 21, 2024) ("Although these exhibits are 'matters of public record,' Defendants do not identify which fact or facts they seek to have the Court notice. . . . Therefore, the Court will not take judicial notice of these exhibits.").

- 3 -

4901-6192-3931.v1

In addition, Exhibit 12 serves no purpose other than to reference "Oreo" shrinkflation, which has no bearing on this case.  RJN at 3.

### 3.    Only a Portion of Exhibit 16 Should Be Judicially Noticed

Defendants ask the Court to take judicial notice of several of Niccol's SEC Form 4 filings.  *See* RJN at 3; Peters Decl., Ex. 16.  Plaintiff does not contest the Court taking notice of Niccol's April 2024 Form 4.  *See* Peters Decl., Ex. 16 at 258-59.

However, for the purpose of the Court's scienter inquiry, it should not take notice of the remainder of Ex. 16, *i.e.*, at 254-57, because those November 2021, February 2022, and February 2023 Form 4s reflect trading conducted well prior to the eight months preceding the eight-month Class Period in this action.[4]  *See In re Apple Comput. Sec. Litig.*, 886 F.2d 1109, 1117 (9th Cir. 1989) (comparing the 10-month period preceding the 10-month class period); *No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. West Holding Corp.*, 320 F.3d 920, 941 (9th Cir. 2003) (citing *Apple* and analyzing a 10-month window prior to a 10-month class period); *Ronconi v. Larkin*, 253 F.3d 423, 436-37 (9th Cir. 2001) (citing *Apple* and analyzing stock trades for a 7-month window preceding a 7-month class period), *abrogated on other grounds by*, *Cai v. Eargo, Inc.*, 2025 WL 66041 (9th Cir. Jan. 10, 2025); *see also In re Questcor Sec. Litig.*, 2013 WL 5486762, at *2, *18 (C.D. Cal. Oct. 1, 2013) (comparing an 18-month window prior to an 18-month class period); *Kairalla v. Advanced Med. Optics, Inc.*, 2008 WL 2879087, at *1, *10 (C.D. Cal. June 6, 2008) (comparing one defendant's trades "in the months immediately preceding" a 4-month class period).

---

[4]    "Class Period" is between February 8, 2024 and October 29, 2024, inclusive.

- 4 -

## III.    CONCLUSION

For the reasons stated herein, the Court should not consider Defendants' Exhibits 5, 12, and Exhibit 16 at 254-57.

DATED:  August 19, 2025                    Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
STEPHEN JOHNSON

                                    s/ Trig R. Smith
                                 TRIG R. SMITH

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 5 -

4901-6192-3931.v1

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for plaintiff Lisa Tai, certifies that this brief contains five pages, which complies with the page limit set by the Court's Standing Order for Newly Assigned Civil Cases, dated January 10, 2025.

DATED:  August 19, 2025

s/ Trig R. Smith<br>
TRIG R. SMITH

- 6 -

4901-6192-3931.v1