UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRADFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>                           Plaintiff,<br><br>    vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br><br>                          Defendants. | Case No. 8:24-cv-02459-SPG-JDE<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] ORDER GRANTING IN PART DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT [ECF NO. 56] |

On July 1, 2025, Defendants Chipotle Mexican Grill, Inc. ("Chipotle"), Brian Niccol, John R. Hartung, and Laurie Schalow (collectively "Defendants") filed Defendant's Notice of Motion and Motion to Dismiss the Consolidated Complaint (ECF 55) pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").  ECF 55.  Concurrently therewith, and in support thereof, Defendants filed a Request for Judicial Notice and Incorporation by Reference in Support of Defendants' Motion to Dismiss the Consolidated Complaint pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine (ECF 56) ("Motion").

The Court, having considered Defendants' Motion, Lead Plaintiff Lisa Tai's opposition thereto, Defendants reply brief in further support of their Motion, and all other parts of the record and finding insufficient good cause therefor, hereby GRANTS the motion in part, DENIES the motion in part, and ORDERS as follows:

1.    The Court GRANTS Defendants' request to deem incorporated-by-reference Exhibits 1-4, 6-11, 13, 15, 16 at 258-59 only, and 17-20 pursuant to the incorporation by reference doctrine.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).[1]

2.    The Court DENIES Defendants' request to deem incorporated-by-reference Exhibits 5 and 12 as those Exhibits were not referred to within Plaintiff's complaint.  *See Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *8 (C.D. Cal. Feb. 16, 2023).

3.    The Court GRANTS Defendants' request for judicial notice of Exhibits 1-4, 6-11, 13-15, and 17-20, not of the truth of any matter asserted therein, but of the fact that the documents contain the "'statements the documents contain.'"  *See Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005).

---

[1]    Defendants' exhibits referred to herein are attached to the Declaration of Matthew J. Peters in Support of Defendants' Motion to Dismiss the Consolidated Complaint (ECF 55-2).

- 1 -

4.      The Court additionally GRANTS IN PART Defendants' request for judicial notice of pages 258-59 of Exhibit 16 only because pages 254-57 reflect Niccol's trading of Chipotle stock prior to the 8-month window immediately preceding the 8-month Class Period in this action.  *See In re Apple Comput. Sec. Litig.*, 886 F.2d 1109, 1117 (9th Cir. 1989) (comparing the 10-month period preceding the 10-month class period); *No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. West Holding Corp.*, 320 F.3d 920, 941 (9th Cir. 2003) (citing *Apple* and analyzing a 10-month window prior to a 10-month class period); *Kairalla v. Advanced Med. Optics, Inc.*, 2008 WL 2879087, at *1, *10 (C.D. Cal. June 6, 2008) (comparing one defendant's trades "in the months immediately preceding" a 4-month class period).

5.      The Court DENIES Defendants' request for judicial notice as to Exhibits 5 and 12 as Defendants' "do not identify which fact or facts they seek to have the Court notice."  *Felipe v. Playstudios Inc.*, 2024 WL 1380802, at *6 (D. Nev. Mar. 21, 2024).

IT IS SO ORDERED.


DATED:  _____         _____
                               THE HON. SHERILYN PEACE GARNETT
                               UNITED STATES DISTRICT JUDGE

- 2 -