ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG (179109)
TRIG R. SMITH (237399)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRADFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br><br>Defendants. | Case No. 8:24-cv-02459-SPG-JDE<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE APPENDIX A TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:   November 5, 2025<br>TIME:    1:30 p.m.<br>CTRM:   5C<br>JUDGE:  Hon. Sherilyn Peace Garnett |

4920-4962-2619.v1

## NOTICE OF MOTION AND MOTION TO STRIKE

PLEASE TAKE NOTICE that on November 5, 2025, at 1:30 p.m., or as soon thereafter as the parties may be heard, before the Honorable Sherilyn Peace Garnett, District Judge, United States District Court for the Central District of California, in the First Street Courthouse, Courtroom 5C, 350 W. 1st Street, Los Angeles, CA 90012, Lead Plaintiff Lisa Tai ("Plaintiff") will, and hereby does, move to strike Appendix A – Statement Chart attached to Defendants' Notice of Motion and Motion to Dismiss the Consolidated Complaint (ECF 55-1) ("Appendix A" or the "Appendix") pursuant to Local Rules 11-6.1 and 11-7, the Court's Standing Order for Newly Assigned Civil Cases, dated January 10, 2025 (the "Standing Order") §G.4, and the Court's inherent authority to strike materials from the record.

Pursuant to Local Rule 7-3 and the Court's Standing Order §G.1, the parties thoroughly discussed the substance and potential resolution of the filed motion by videoconference on August 14, 2025. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration of Stephen Johnson and [Proposed] Order, Defendants' Notice of Motion and Motion to Dismiss the Consolidated Complaint (ECF 55) ("Mtn." or the "Motion"), Appendix A, all pleadings and papers in this action, and any oral argument should the Court find it necessary.

DATED:  August 21, 2025

ROBBINS GELLER RUDMAN
 & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
STEPHEN JOHNSON


                                    s/ Stephen Johnson
                                   STEPHEN JOHNSON

- 1 -

4920-4962-2619.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 2 -

4920-4962-2619.v1

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rules ("L.R.") 11-6.1 and 11-7, the Court's Standing Order §G.4, and the Court's inherent authority, Plaintiff respectfully submits this motion to strike from the record Appendix A.

## I.    INTRODUCTION

This securities fraud class action was commenced on November 11, 2024. *See* ECF 1.  On February 21, 2025, the Court appointed Ms. Tai as Lead Plaintiff.  ECF 41.  Plaintiff filed the Consolidated Complaint for Violations of the Federal Securities Laws (ECF 49) (the "Complaint") on April 29, 2025.  Pursuant to the Court's order (ECF 46) granting the parties' Joint Stipulation Regarding Scheduling Deadlines (ECF 45), on July 1, 2025, Chipotle Mexican Grill, Inc., Brian Niccol, John R. Hartung, and Laurie Schalow (collectively "Defendants") filed their Motion.  Along with the Motion, Defendants attached a 12-page, 1,805 word appendix.

## II.    LEGAL STANDARDS

The Central District of California's Local Rules govern the submission, length, and form of briefs and memoranda of points and authorities. *See* L. R. 11-6.1.  Local Rule 11-6.1 states that "no memorandum of points and authorities, pretrial brief, trial brief, or posttrial brief may exceed 7,000 words, including headings, footnotes, and quotations."  L.R. 11-6.1.  This Court's Standing Order limits memoranda and points of authorities to 25 pages. *See* Standing Order §G.4.  Additionally, Local Rule 11-7 governs appendices to briefs.  Local Rule 11-7 mandates that "[a]ppendices shall not include any matters which properly belong in the body of the memorandum of points and authorities."  L.R. 11-7.

The Ninth Circuit has affirmed that district courts, pursuant to their inherent authority, may strike documents other than pleadings from its dockets. *See Lamos v. Astrue*, 275 F. App'x 617, 618 (9th Cir. 2008) (affirming district court order granting a motion to strike issued pursuant to the court's "inherent power to control [its] docket[]"); *see also Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991) ("For violations

- 3 -

4920-4962-2619.v1

of the local rules, sanctions may be imposed including . . . striking the offending pleading."); *Jones v. Metro. Life Ins. Co.*, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) ("based on its inherent powers, a court may strike material from the docket, including portions of a document, reflecting procedural impropriety or ***lack of compliance with court rules or orders***.") (emphasis added).  Indeed, this Court's Standing Order expressly references this power.  *See* Standing Order §C.2 ("The Court may strike or decline to consider motions, stipulations, or other documents with attachments that are not filed in accordance with this Order.").

## III.   THE COURT SHOULD STRIKE DEFENDANTS' APPENDIX A

Appendix A to the Motion is in direct violation of Local Rules 11-6.1, 11-7, and this Court's Standing Order, and should not be considered in connection with the Motion.  Appendix A is a 12-page, 1,805 word extension of the Defendants' Motion that makes additional arguments that "properly belong in the body of the memorandum of points and authorities." L.R. 11-7.  This 1,805-word argumentative section disguised as a "chart" is not a neutral summary, nor is it merely a reference tool for the Court's convenience.  Appendix A at 29.  Instead, it plainly advances the Defendant's legal position regarding the "social media posts, news articles, and analyst reports about portion sizes." Mtn. at 11.  It does so solely to present additional arguments against falsity that could not fit in their Motion.  Specifically, the Appendix utilizes a series of news articles – *e.g.*, articles from *CNN*, *Fox Business*, *Fortune*, *ABC News*, and *CNBC* – to refute the information in a column titled "Reason Why Not Materially False or Misleading."  Appendix A at 33-39.  The arguments in that column belong in the Motion.  *See Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 5746364, at *4 n.3 (N.D. Cal. Sep. 30, 2016) (appendix of quotations and argumentative responses is "difficult [for the Court] to view . . . as anything other than an unsubtle vehicle for deliberately circumventing the page limits").

- 4 -

4920-4962-2619.v1

The structure and usage of Appendix A also suggest it was created for the strategic purpose of evading word limits.[1]  Rather than summarize arguments in the motion itself, the Defendants simply cite to the Appendix repeatedly – over nine times – as a substitute for fuller briefing.  In doing so, Defendants gain an unfair advantage by shifting substantive discussion out of the motion and into a supplemental document not counted toward the page limit.  This tactic undermines the purpose of the local rules and the Standing Order.

In addition, the Court should consider the nature of the arguments in Appendix A.  They are not complex or technical.  Defendants are not addressing intricate statutory schemes, regulatory guidance, or novel legal doctrines.  Instead, the Appendix reiterates basic disputes over whether certain public statements were misleading – an issue squarely within the scope of the motion and the applicable pleading standards.  Given their simplicity, these arguments do not justify supplemental treatment in an appendix.

Nor is this extra material necessary.  Defendants already devote six pages in that Motion to falsity.  Mtn. at 8-14.  That space was more than sufficient to convey their position.  Any argument that Appendix A was prepared for the convenience of the Court falls flat in light of the minimal number of allegedly false statements challenged in the Complaint.  Indeed, there is no justification for doubling the briefing on falsity through an unpermitted extension of page limits.

The impropriety of Appendix A is plainly reflected in the case law.  Facing a nearly identical scenario, weighing a motion to dismiss in a securities case with claims under §§10 and 20(a) of the Securities and Exchange Act of 1934, with defendants submitting a chart of the alleged false and misleading statements in one column and a list of the purported defects in the plaintiff's pleadings in the other, another court in

---

[1]   During the parties' required conferral regarding the underlying substance of Defendants' Motion, Defendants did not raise their intent to attach Appendix A to it. *See* L.R. 7-3.

4920-4962-2619.v1

this District struck such an appendix. *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at \*4 (C.D. Cal. Nov. 20, 2017) (striking a similar chart for violating the local rules as "'defense counsel was required to include all argument within the text'" of the papers) (citing *Think Vill.-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 3837270, at \*7 (N.D. Cal. Nov. 16, 2009)). As the court in *Rentech* held, "Defendants have exceeded the [length] set for briefs in Local Rule 11-6" since "the chart allows Defendants to make further arguments in violation of Local Rule 11-6." 2017 WL 10363990, at \*4 (striking similar chart); *see also In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at \*3 (S.D. Cal. June 1, 2020) (noting that the defendants' chart in the appendix was not "simply a chart for the Court's convenience," but rather "simply an extension of Defendants' argument and thus, Defendants' [sic] have exceeded the [length] limit for their briefs"). The same is true here.

## IV.    CONCLUSION

For the foregoing reasons, the Court should disregard Defendants' Appendix A for purposes of deciding their Motion.

DATED:  August 21, 2025

ROBBINS GELLER RUDMAN
 & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
STEPHEN JOHNSON

s/ Stephen Johnson
STEPHEN JOHNSON

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 6 -

4920-4962-2619.v1

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for plaintiff Lisa Tai, certifies that this brief contains four pages, which complies with the page limit set by the Court's Standing Order for Newly Assigned Civil Cases, dated January 10, 2025.

DATED:  August 21, 2025

_s/ Stephen Johnson_
STEPHEN JOHNSON

- 7 -

4920-4962-2619.v1