LATHAM & WATKINS LLP
Michele D. Johnson (CA Bar No. 198298)
 michele.johnson@lw.com
Ryan A. Walsh (CA Bar No. 294506)
 ryan.walsh@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Andrew B. Clubok (*pro hac vice*)
 andrew.clubok@lw.com
Susan E. Engel (*pro hac vice*)
 susan.engel@lw.com
Matthew J. Peters (*pro hac vice*)
 matthew.peters@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

*Attorneys for Defendants Chipotle
Mexican Grill, Inc., Brian Niccol,
John R. Hartung, and Laurie Schalow*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRADFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., BRIAN NICCOL, JOHN R. HARTUNG, and LAURIE SCHALOW,<br><br>Defendants. | Case No. 8:24-cv-02459-SPG-JDE<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge: Hon. Sherilyn Peace Garnett<br>Date: November 5, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 5C |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL
NOTICE AND INCORPORATION BY REFERENCE
IN SUPPORT OF MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

## I.     INTRODUCTION

Plaintiff takes issue with only 3 out of the 20 exhibits that Defendants submitted to the Court. *See* Plaintiff's Opposition to Defendants' Request for Judicial Notice and Incorporation By Reference ("RJN Opp.") at 1 ("Plaintiffs do not dispute that the Court may consider Defendants' Exhibits 1-4, 6-11, 13-15, and 17-20."). *First*, Plaintiff argues that Exhibit 5 (a *Washington Post* article) and Exhibit 12 (a *Wall Street Journal* article) are not incorporated by reference because they "are not referred to anywhere in the complaint." *Id.* at 3. This is wrong. Plaintiff relies on these articles throughout the Complaint to try to plead core elements of her claims. Indeed, the *Washington Post* article is a source for one of Defendants' allegedly false statements. Incorporation by reference of these documents is wholly appropriate—just as it is for the other news articles that Plaintiff does not contest. The Court should consider each article's entire contents under the incorporation-by-reference doctrine—not just Plaintiff's self-selected "facts or inferences." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (holding that a document may be "consider[ed] ... in its entirety" under the incorporation-by-reference doctrine where plaintiffs "rel[ied] on portions of it in their complaint").

*Second*, Plaintiff contends that Exhibit 5 and Exhibit 12 should not be subject to judicial notice because Defendants have not "identif[ied] which purportedly judicially noticeable facts are contained in the document[s]." RJN Opp. at 3. However, courts routinely take judicial notice of such articles for the specific purpose that Defendants have requested—to show what information was publicly accessible at the time, rather than for the truth—without requiring the specificity that Plaintiff seeks. *See In re Robinhood Order Flow Litig.*, 2022 WL 9765563, at *1 n.1 (N.D. Cal. Oct. 13, 2022).

*Third,* Plaintiff argues that all but one of Niccol's Forms 4 included in Exhibit 16 are not subject to judicial notice because they pertain to trades that predate the class period by more than eight months. But Plaintiff does not contest that the

contents of the Forms 4 are "not subject to reasonable dispute," *see* RJN Opp. at 4, and that they therefore are proper for judicial notice, *see* Defendants' Request for Judicial Notice and Incorporation By Reference ("RJN") at 5, 9. Furthermore, courts have rejected arbitrary, brightline cutoffs for examining whether a defendant's trading pattern suggests any unusual or suspicious trades occurred during the class period.

The Court should conclude that Exhibits 5 and 12 are incorporated by reference or, alternatively, subject to judicial notice, and take judicial notice of Exhibit 16 in full.

## II.    ARGUMENT

### A.    Exhibits 5 and 12 Are Incorporated by Reference.

"[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). This doctrine "prevent[s] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*. at 1002.

Plaintiff does not object to the incorporation by reference of over a dozen exhibits—including articles, reports, SEC documents, and stock price charts—which are referenced throughout the Complaint or form the basis of Plaintiff's claims. RJN Opp. at 1. Nevertheless, Plaintiff argues that Exhibit 5 (a *Washington Post* article) and Exhibit 12 (a *Wall Street Journal* article) should not be considered incorporated by reference because they "are not referred to anywhere in the complaint." RJN Opp. at 3. The Complaint itself disproves Plaintiff's argument.

Plaintiff expressly refers to the *Washington Post* article multiple times in the Complaint—relying on it as a source for one of Defendant Laurie Schalow's allegedly false statements. *See* Compl. ¶ 54 (alleging that "on May 29, 2024,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

3

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

Schalow issued statements to various news outlets, including *ABC News* and *The Washington Post*, which attributed the following quote to Schalow: 'There have been no changes in our portion sizes ....'"); *id.* ¶ 91 (repeating allegation contained in ¶ 54); *see also id.* ¶ 43 (relying on *Washington Post* article in alleging that "On May 29, 2024, Schalow and Niccol made multiple public statements to news outlets and during a television program, each denying the Chipotle's portion sizes had changed."); *see also* Ex. 5 (Dkt. 55-7).

Plaintiff also expressly refers to the *Wall Street Journal* article in the Complaint multiple times and uses it to provide a factual basis for her falsity allegations. Compl. ¶¶ 39, 51. Notably, the *Wall Street Journal* article is Plaintiff's sole source for the assertion that Zackary Smigel, a YouTube content creator, released a video in March 2024 evaluating the relative size of Chipotle orders over a 30-day period and concluding that online orders "were skimpier 70% of the time." *Id.* ¶ 39; *see also id.* ¶ 51 (reiterating claim that the burritos Smigel "ordered online were skimpier 70% of the time").

In addition to being referred to extensively within the Complaint, these articles are incorporated by reference into the Complaint because they form the basis of Plaintiff's claims. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The central relevance of the *Washington Post* article is obvious: it is the source for one of Schalow's four statements that Plaintiff alleges is false and misleading. Compl. ¶¶ 54, 91. Documents containing defendants' allegedly false and misleading statements are routinely incorporated by reference in securities fraud cases. *See, e.g.*, *Grossman v. Sin*, 2025 WL 1330087, at *11 (C.D. Cal. Mar. 31, 2025) (incorporating by reference document where the "allegedly false and misleading statements made in the document partly form the basis of Plaintiffs' claims").

The *Wall Street Journal* article is similarly central to Plaintiff's claims. Plaintiff relies on it as one of two sources that provide an allegedly objective numerical assessment of "skimping," Compl. ¶¶ 39, 51. *Knievel*, 393 F.3d at 1076.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

4

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

The purpose of incorporation by reference, "prevent[ing] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims," is particularly well-served here. *Khoja*, 899 F.3d at 1002 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006)). The Complaint selectively cites from the *Wall Street Journal* article to argue that the "burritos [Smigel] ordered online were skimpier 70% of the time," while omitting that Smigel found that "[b]owls weren't as bad." Ex. 12 (Dkt. 55-14) at 1. The Complaint also omits key context conveyed in the *Wall Street Journal* article:  Smigel's results were based on ordering only 15 bowls and 15 burritos over 30 days from three restaurants. *Id*. Since Plaintiff relies on the *Wall Street Journal* article to establish falsity—an element necessary to plead securities fraud—the article forms a "basis" for Plaintiff's claim and the Complaint incorporated it by reference. *See Garcia v. Greenland LA Metropolis Hotel Dev. LLC*, 2021 WL 11586056, at *3 (C.D. Cal. Dec. 20, 2021) ("A document forms the basis of a claim when it serves as the foundation for an element of the claim.").

If there were any doubt as to the significance of the *Wall Street Journal* article to Plaintiff's claims, the Court need look no further than Plaintiff's Opposition to Defendants' Motion to Dismiss, which relies extensively on facts for which the article was unquestionably the source. For example, in an attempt to establish a narrative of alleged "skimping," Plaintiff claims that "Zackary Smigal [sic] reported that on-line orders ... were skimpier 70% of the time." Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opp.") at 6 (citing Compl. ¶ 39). A few pages later, Plaintiff repeats that "[i]n March 2024, a YouTube video was released alleging shrinkflation in Chipotle's food at restaurants in Pennsylvania and Ohio (*i.e.*, skimpier 70% of the time)." Opp. at 14 (citing Compl. ¶ 39); *see also id*. at 5 (alleging that "[b]y April 2024, complaints about skimping orders and inconsistent

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

5

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL
NOTICE AND INCORPORATION BY REFERENCE
IN SUPPORT OF MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

portioning had only grown in frequency" (citing Compl. ¶39)). Plaintiff provides no other source for these factual assertions other than that they were "reported by the *Wall Street Journal*." Compl. ¶ 39, 51.

Defendants are not asking this Court to consider Exhibit 5 and Exhibit 12 to dispute any well-pleaded facts. Instead, Defendants ask the Court to consider the full content and context of those exhibits to properly assess whether Plaintiff has adequately alleged falsity, scienter, and loss causation. This is entirely appropriate under Ninth Circuit precedent. *See Khoja*, 899 F.3d at 1002; *see also In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[N]othing in *Khoja* prevents this Court from analyzing an alleged false statement in context."); *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (observing that "incorporated documents do not dispute facts" but show "Plaintiffs sometimes inaccurately characterize the contents of those documents"); *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) (incorporated "document itself is controlling" when complaint "incorrectly summarizes" the document).

It is of no consequence that the Complaint does not cite the articles by author name, title, or URL. A litigant may not avoid the incorporation-by-reference doctrine merely by omitting ancillary bibliographic details when the sources are otherwise plainly identifiable. *See Knievel*, 393 F.3d 1068, 1076 (incorporation by reference applies to "situations in which the plaintiff's claim depends on the contents of a document ... even though the plaintiff does not explicitly allege the contents of that document in the complaint" (citation omitted)). Plaintiff does not dispute the authenticity of the *Washington Post* and *Wall Street Journal* pieces, nor does she suggest that Defendants have included the wrong articles as exhibits.

Accordingly, Exhibits 5 and 12 are incorporated by reference and the Court may consider their entire contents—and not merely Plaintiff's self-selected portions. *See In re NVIDIA*, 768 F.3d at 1058 n.10 ("Once a document is deemed incorporated

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

6

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." (citation omitted)).

### B.   Exhibits 5 and 12 Are Subject to Judicial Notice.

Exhibits 5 and 12 are also subject to judicial notice. *See* RJN at 9-10. Plaintiff does not contest that the *Washington Post* and *Wall Street Journal* articles are a "matter[] of public record" or otherwise available in the public domain, *Khoja*, 899 F.3d at 999, and each "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b). *See* RJN Opp. at 3.

Nonetheless, Plaintiff argues that judicial notice is improper because Defendants have not "identif[ied] which purportedly judicially noticeable facts are contained in the document[s]." *Id*. But, as Defendants previously explained, the Court may take judicial notice of these news articles "to show that the market was aware of the information contained" therein, *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828-29 (N.D. Cal. 2019), *rev'd on other grounds*, 87 F.4th 934 (9th Cir. 2023); RJN at 9-10—which Plaintiff does not dispute is a proper purpose. *See* RJN Opp. at 3. Here, the *Washington Post* and *Wall Street Journal* articles both show that the market was aware of criticism of Chipotle portion sizes before the alleged corrective disclosures in June, July, and October of 2024. Ex. 5 (dated May 29, 2024); Ex. 12 (dated August 5, 2024). Defendants do *not* offer these articles for the truth of their content, RJN at 9-10—much of which they would dispute—but to respond to "Plaintiff['s] 'fraud-on-the market' theory by demonstrating that public news sources had 'already widely disseminated the alleged omissions to the investing public.'" *In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) (citation omitted). And courts taking judicial notice of public news articles for that limited purpose, and not for the truth of any matters asserted, do not require defendants to identify judicially noticeable facts with any more

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

7

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

specificity. *See, e.g.*, *In re Robinhood*, 2022 WL 9765563, at *1 n.1 (taking judicial notice of "media publications" "not for the truth of their content, but to 'indicate what was in the public realm at the time'" (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010))); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015) (courts take judicial notice of news articles "in *securities cases* for the purpose of showing that particular information was available to the stock market"); *cf. Khoja*, 899 F.3d at 999 (noting, in context of considering a transcript, that "judicial notice does not mean that every assertion of fact within that document is judicially noticeable *for its truth*" (emphasis added)). Accordingly, this Court should take judicial notice of Exhibit 5 and Exhibit 12.

### C.     Exhibit 16 Should Be Subject to Judicial Notice in Its Entirety.

Exhibit 16 consists of Niccol's Forms 4, reflecting his trading history from November 2021 to April 2024. Plaintiff does not contest that the Court should take judicial notice of Niccol's April 2024 Form 4, but seeks to exclude Niccol's November 2021, February 2022, and February 2023 Forms 4 from being subject to judicial notice. RJN Opp. at 4.

Courts in this district routinely "take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency." *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *12 (C.D. Cal. Jan. 12, 2012) ("Courts regularly take judicial notice of Form 4 filings ...."). Judicial notice of Forms 4 is especially appropriate to evaluate scienter where plaintiffs have alleged that "the sale of stock by an individual defendant ... demonstrate[s] a financial motive for that defendant to make false or misleading statements." *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (citation omitted). Courts take judicial notice of Forms 4 "even when those documents were not referenced in the pleadings in order to prove that stock sales were made or were not made." *Id.*; *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

8

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

867, 874 n.1 (N.D. Cal. 2020) ("SEC Form 4s" may be "judicially noticed 'even when not referenced in the pleading.'").

To demonstrate that a defendant's stock sales were unusual or suspicious for purposes of establishing scienter, Plaintiff must allege that the sales were "dramatically out of line with prior trading practices." *No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 938 (9th Cir. 2003) (quoting *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1117 (9th Cir. 1989)). Plaintiff alleges that Niccol's April 2024 stock sales were suspicious because in the 12-month period preceding those sales, "he did not sell a single share of Chipotle stock outside of his 10b5-1 trading plan." Compl. ¶ 95. However, Niccol's Forms 4 from November 2021, February 2022, and February 2023 all show that Niccol made similarly large sales of Chipotle stock outside his 10b5-1 trading plan in previous years. Ex. 16 at 2-5.

Plaintiff argues that the Court should ignore these prior trades, which are comparable in size and timing to the April 2024 trade, because they occurred "prior to the eight months preceding the eight-month Class Period in this action." RJN Opp. at 4. Courts in this circuit, however, have not "adopt[ed] an inflexible rule limiting the length of the comparison period." *In re Skechers U.S.A., Inc. Sec. Litig.*, 2005 WL 8168047, at *8 (C.D. Cal. Mar. 21, 2005) (citing *Am. W. Holding Corp.*, 320 F.3d at 941), *aff'd*, 273 F. App'x 626 (9th Cir. 2008). "To adopt such an inflexible rule would invite plaintiffs to expand or contract a class period merely to augment insider trading allegations and would ignore the Ninth Circuit's examination of annual sales and other particularized circumstances which can explain seemingly suspicious stock sales." *Id*. Because Niccol's November 2021, February 2022, and February 2023 trades provide key context regarding Niccol's typical "annual sales," the Court should not accept Plaintiff's attempt to arbitrarily limit the window of judicial notice to eight months prior to the start of the class period. *See In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 901 (S.D. Tex. 2001) (looking to

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

9

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

stock sales during "analogous period[s]" in previous years to assess whether class period stock sales were unusual or suspicious). The Court should, therefore, take judicial notice of Exhibit 16 in full.

**III.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-20 in connection with Defendants' Motion.

Dated: September 23, 2025                    Respectfully submitted,

                                             LATHAM & WATKINS LLP


                                             By  */s/ Michele D. Johnson*
                                             Michele D. Johnson (CA Bar No. 198298)
                                              *michele.johnson@lw.com*
                                             Ryan A. Walsh (CA Bar No. 294506)
                                              *ryan.walsh@lw.com*
                                             650 Town Center Drive, 20th Floor
                                             Costa Mesa, California 92626-1925
                                             Telephone: +1.714.540.1235
                                             Facsimile: +1.714.755.8290

                                             Andrew B. Clubok (*pro hac vice*)
                                              *andrew.clubok@lw.com*
                                             Susan E. Engel (*pro hac vice*)
                                              *susan.engel@lw.com*
                                             Matthew J. Peters (*pro hac vice*)
                                              *matthew.peters@lw.com*
                                             555 Eleventh Street, NW, Suite 1000
                                             Washington, D.C. 20004-1304
                                             Telephone: +1.202.637.3309
                                             Facsimile: +1.202.637.2201


                                             *Attorneys for Defendants Chipotle Mexican Grill, Inc., Brian Niccol, John R. Hartung, and Laurie Schalow*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE