LATHAM & WATKINS LLP
Michele D. Johnson (CA Bar No. 198298)
 *michele.johnson@lw.com*
Ryan A. Walsh (CA Bar No. 294506)
 *ryan.walsh@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Andrew B. Clubok (*pro hac vice*)
 *andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
 *susan.engel@lw.com*
Matthew J. Peters (*pro hac vice*)
 *matthew.peters@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

*Attorneys for Defendants Chipotle
Mexican Grill, Inc., Brian Niccol,
John R. Hartung, and Laurie Schalow*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRADFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., BRIAN NICCOL, JOHN R. HARTUNG, and LAURIE SCHALOW,<br><br>Defendants. | Case No. 8:24-cv-02459-SPG-JDE<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT**<br><br>Judge: Hon. Sherilyn Peace Garnett<br>Date: November 5, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 5C |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

## I. INTRODUCTION

With their motion to dismiss ("MTD"), Defendants submitted a chart that lists each challenged statement, its source, the corresponding citation in the Amended Complaint, and the reason, reiterated from the Motion, it is not false or misleading ("Appendix A"). Dkt. 55-2. Plaintiff's Motion to Strike asks this Court to strike Appendix A, contending that it gives Defendants "an unpermitted extension of page limits." Dkt. 59 ("MTS") at 5. Plaintiff's Motion is meritless for three reasons.

First, Appendix A complies with this Court's rules. It assembles information already reflected in Plaintiff's Complaint, materials incorporated by reference or subject to judicial notice, and the body of Defendants' Motion to Dismiss in an easily digestible format for the Court's convenience. Such charts are standard fare in securities cases. Indeed, multiple judges' standing orders expressly require them. Because Appendix A does not expand Defendants' dismissal arguments, complies with the Local Rules, and accords with longstanding practice, Plaintiff's Motion fails.

Second, there is no need to strike Appendix A to address Plaintiff's concerns. Plaintiff challenges the column specifying the "Reason Why" each statement is "Not Materially False or Misleading." But that column does not add to Defendants' arguments, and Appendix A would serve its intended purpose if this Court were not to consider that column or Defendants were to submit a version of Appendix A without that column. Neither option would alter Defendants' dismissal arguments.

Third, Plaintiff's Motion itself violates the Local Rules. As this Court has recognized, "[m]any motions to … strike can be avoided if the parties confer in good faith as required by Local Rule 7-3." Standing Order for Newly Assigned Civil Cases, Section (H)(1). Here, Plaintiff refused Defendants' request to discuss Plaintiff's objection further and avoid motion practice. Plaintiff has not shown that "the parties are unable to reach a resolution that eliminates the necessity for a hearing." L.R. 7-3. Ultimately, Plaintiff's Motion to Strike has merely increased the

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE APPENDIX A TO
DEFENDANTS' MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

1

costs of this litigation for Defendants and the burden on the Court. It should be denied.

## II.   BACKGROUND

On Thursday, August 14, 2025, Plaintiff's counsel met and conferred with Defendants' counsel, Matthew J. Peters. Declaration of Matthew J. Peters in Support of Defendants' Opposition to Motion to Strike ("Peters MTS Decl.") ¶ 4. During that conference, Plaintiff's counsel asserted that Appendix A violates the Local Rules. Defendants' counsel indicated that Defendants would oppose any motion to strike. *Id.* ¶ 4.

On Monday, August 18, 2025, Defendants' counsel explained via email that Appendix A was submitted solely for "the convenience of the Court to set forth in a concise manner ... the statements at issue in this case," and noted that Defendants' Motion to Dismiss "made clear within the motion itself exactly which statements were subject to which argument." *Id.* at Ex. 1. Defendants' counsel also noted that "any motion to strike imposes needless and improper burdens on the Court and Defendants." *Id.* And Defendants' counsel asked Plaintiff to provide "any" "authority … for filing a motion to strike" and emphasized that "the meet and confer process required under the Rules … is particularly appropriate here." *Id.* Defendants' counsel asked Plaintiff's counsel to "[p]lease let us know if you're available to discuss further via video." *Id.*

Plaintiff's counsel did not respond, Peters MTS Decl. ¶ 7, and on Thursday, August 21, 2025, Plaintiff moved to strike Appendix A, Dkt. 59.

## III.   LEGAL STANDARD

Plaintiff's motion to strike invokes this Court's "inherent power to manage and control [its] own docket[]." *Wright v. Am.'s Bull.*, 2010 WL 816164, at *13 (D.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

Or. Mar. 9, 2010).[1]

## IV.    ARGUMENT

Plaintiff's Motion to Strike should be rejected for three reasons.

*First*, Appendix A fully complies with the Local Rules and this Court's Standing Order. Challenged statement charts such as Appendix A are routinely filed in securities cases. *See, e.g.*, *Ryan v. FIGS, Inc.*, 2:22-CV-07939-ODW-AGR (C.D. Cal. May 25, 2023), Dkt. 101-22; *Mark Roberti v. OSI Systems Inc et al.*, 2:13-cv-09174-MWF-MRW (C.D. Cal. Aug. 29, 2014), Dkt. 51-1. As Defendants explained, Appendix A sets forth information found in materials that are properly subject to consideration "for the convenience of the Court to set forth in a concise manner ... the statements at issue in this case." Peters MTS Decl., Ex. 1. Courts in this Circuit routinely rely on similar statement charts in deciding securities fraud cases at the motion to dismiss stage.[2] Some courts *require* that the plaintiff file such a statement chart.[3] And others demand that a defendant file with any motion to dismiss a chart

---

[1] As Defendants explained to Plaintiff, Peters MTS Decl., Ex. 1, and Plaintiff concedes, Dkt. 59-1 ("Johnson Decl.") at ¶ 3, Federal Rule of Civil Procedure 12(f) does not apply.

[2] *See, e.g.*, *Ng v. Berkeley Lights, Inc.*, 2024 WL 695699, at *19 (N.D. Cal. Feb. 20, 2024) (requiring attorneys at Plaintiff's counsel's firm to "prepare a statement-by-statement chart of the information required by 15 U.S.C. § 78u-4(b)(1) and (2)"); *see also Reckstin Fam. Tr. v. C3.ai, Inc.*, 718 F. Supp. 3d 949, 969 n.10, 992-93 (N.D. Cal. 2024); *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at *4 (N.D. Cal. Mar. 31, 2022); *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 527 F. Supp. 3d 1151, 1167 (N.D. Cal. 2021).

[3] *See* Judge Yvonne Gonzalez Rogers, Standing Order in Civil Cases at 12 (updated March 17, 2025), https://cand.uscourts.gov/sites/default/files/standing-orders/YGR-Standing-Order-In-Civil-Cases-Updated-03.17.25.pdf (requiring in securities cases that plaintiff submit a chart specifically identifying each statement alleged to have been false or misleading; the speaker, date, and medium by which the statement was made; the reason(s) the statement was false or misleading when made; and the facts alleged to show that defendant(s) knew the statement false and/or misleading).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE APPENDIX A TO
DEFENDANTS' MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

of the challenged statements that includes the bases for challenging each statement.[4] These courts do not count such charts against the page or word limits for motions to dismiss. Plaintiff is thus objecting to a commonplace tool used in securities cases.

Plaintiff's attempt to paint Appendix A as a "strategic" ploy to "evad[e] word limits" fails. MTS 5. Plaintiff argues that Appendix A "present[s] additional arguments against falsity that could not fit in their Motion" in a "column titled 'Reason Why Not Materially False or Misleading.'" MTS 4. That is wrong. The statements in that column—such as, "Plaintiff fails to plead falsity" or a given statement "is nonactionable puffery"—refer to arguments made in the Motion to Dismiss itself. Appendix A. As Plaintiff acknowledges, the Motion to Dismiss "devote[s] six pages … to falsity." MTS 5. Appendix A does not elaborate on the robust discussion of Defendants' falsity arguments.

Plaintiff also asserts that Defendants "cite to the Appendix" to "shift[] substantive discussion out of the motion and into a supplemental document not counted toward the page limit." MTS 5. But Plaintiff points to nothing "substantive" in Appendix A that is not in the Motion. The citations to Appendix A are there for the Court's convenience, and accompanied by references to the Complaint. MTD at 8, 12, 13, 14, 16, 19. This case is thus nothing like Plaintiff's cited authority, *Todd v. Tempur-Sealy Int'l, Inc.*, where a court chastised a plaintiff for providing "virtually no argument on [an] issue within the bounds of their reply brief" in support of class certification, but instead raising it in a 65-page appendix. 2016 WL 5746364, at *4 n.3 (N.D. Cal. Sept. 30, 2016).

Second, Plaintiff's grievance can be fully resolved without striking Appendix

---

[4] *See* Judge Araceli Martínez-Olguín, Standing Order in Civil Cases at 8-9 (updated November 22, 2023), https://cand.uscourts.gov/sites/default/files/standing-orders/AMO-Civil-Standing-Order-11.22.2023-FINAL.pdf (requiring defendants to file chart setting forth the challenged statements and also "the bases for challenging each statement," *i.e.*, whether the statement was "Not Well-Pleaded," "Opinion," "Puffery," or qualifies for "Safe Harbor").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

A. Plaintiff accuses Defendants of attempting to "disguise[]" a "1,805-word argument section" as a "chart" and cites two decisions striking statement charts as violations of a court's word or page limits. MTS at 5-6. As noted, Plaintiff's cases are inapposite because nothing in Appendix A "make[s] further arguments." *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017). Regardless, even if the "Reason Why Not Materially False or Misleading" column were making additional arguments, this Court could address Plaintiff's objection by disregarding that column. Or, if the Court prefers, Defendants could submit a revised version of Appendix A that omits that column. Either of these options would obviate Plaintiff's lone objection to Appendix A without altering Defendants' dismissal arguments or depriving this Court of a useful tool that compiles Plaintiff's challenged statements.

*Third*, Plaintiff's Motion to Strike violates the Local Rules. Plaintiff ignored Defendants' request to "discuss further" to resolve Plaintiff's concern without "burdening the Court." Peters MTS Decl., Ex. 1. Thus, when this Motion was filed, Plaintiff had no basis to believe the parties would be "unable to reach a resolution that eliminates the necessity for a hearing." L.R. 7-3. Plaintiff's insistence on moving to strike in the face of Defendants' request to meet and confer underscores that this Motion is not about any substantive problem with Appendix A. Rather, Plaintiff's Motion just increases the time and expense of litigation and seeks to distract from the flaws in Plaintiff's Complaint. *See* Fed. R. Civ. P. 11(b)(1) (signed pleading certifies that "it is not being presented … to needlessly increase the cost of litigation"); 15 U.S.C. § 78u-4 (c)(1) ("In any private action arising under this chapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion."). It should be rejected.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike Appendix A.


Dated: October 15, 2025                    Respectfully submitted,

LATHAM & WATKINS LLP


By  */s/ Michele D. Johnson*
Michele D. Johnson (CA Bar No. 198298)
*michele.johnson@lw.com*
Ryan A. Walsh (CA Bar No. 294506)
*ryan.walsh@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
Matthew J. Peters (*pro hac vice*)
*matthew.peters@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.3309
Facsimile: +1.202.637.2201


*Attorneys for Defendants Chipotle Mexican Grill, Inc., Brian Niccol, John R. Hartung, and Laurie Schalow*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

6

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE

## L.R. 11-6.2 Certificate of Compliance

The undersigned, counsel of record for Defendants Chipotle Mexican Grill, Inc., Brian Niccol, John R. Hartung, and Laurie Schalow, certifies that this brief contains seven (7) pages, which complies with the page limit set by the Court's Standing Order for Newly Assigned Civil Cases, dated January 10, 2025.

Dated:  October 15, 2025

By  /s/ Michele D. Johnson
Michele D. Johnson

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

7

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX A TO DEFENDANTS' MOTION TO DISMISS
Case No. 8:24-CV-02459-SPG-JDE