# Exhibit 1

| | |
|---|---|
| **From:** | Peters, Matthew (DC) |
| **Sent:** | Monday, August 18, 2025 10:19 AM |
| **To:** | Trig Smith; Stephen Johnson |
| **Cc:** | Clubok, Andrew (DC); Johnson, Michele (OC); Engel, Susan (DC); Borgerson, Tim (DC) |
| **Subject:** | Stradford v. Chipotle Mexican Grill, Inc. - 24-cv-02459-SPG-JDE (C.D. Cal.) |

Trig and Stephen,

Following up on my conversation with Stephen on Thursday afternoon, defendants do not believe a motion to strike Appendix A (Dkt. 55-1) is appropriate.  Appendix A is provided for the convenience of the Court to set forth in a concise manner (it's only 12 pages) the statements at issue in this case.  Some courts go so far as to require that the plaintiff file such a statement chart.  *See* Judge Yvonne Gonzalez Rogers, Standing Order in Civil Cases at 12 (updated March 17, 2025) (requiring  in securities cases that plaintiff submit a chart specifically identifying each statement alleged to have been false or misleading; the speaker, date, and medium by which the statement was made; the reason(s) the statement was false or misleading when made; and the facts alleged to show that defendant(s) knew the statement false and/or misleading).  In fact, in another case in C.D. Cal, the Court required plaintiff to file a chart spelling out not just the challenged statements but also plaintiffs' allegations of falsity and scienter.  Minute Order from Jan. 19, 2024 at 2-3, *Baker et al. v. Twitter, Inc. et al.*, No. 2:22-cv-06525-MCS-E (C.D. Cal.); *see also Baker*, 2023 WL 6932568, at *3 n.1 (C.D. Cal. Aug. 25, 2023) (relying on defendants' "chart listing in tabular format statements challenged by Plaintiffs").  Other courts also require, in addition to the plaintiff filing such a statement chart, that the defendant in a securities case file with its motion to dismiss a chart of the challenged statements that includes the bases for challenging each statement.  *See* Judge Araceli Martínez-Olguín, Standing Order in Civil Cases at 8-9 (updated November 22, 2023) (requiring defendants to file chart setting forth the challenged statements and also "the bases for challenging each statement," i.e., whether the statement was "Not Well-Pleaded," "Opinion," "Puffery," or qualifies for "Safe Harbor").  It is certainly not improper to submit the statement chart in Appendix A, particularly here where Defendants made clear within the motion itself exactly which statements were subject to which argument.

We believe any motion to strike imposes needless and improper burdens on the Court and Defendants.  To the extent you insist on raising with the Court a concern about page limits, the proper vehicle for doing so is within the page limits of your own opposition to Defendants' motion to dismiss.  It is well established in the Ninth Circuit that "only pleadings are subject to motions to strike" under Rule 12(f), *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983), and a brief or motion (or an attached appendix) is not a pleading, *see C.Q. v. River Springs Charter Sch.*, 2019 WL 6331402, at *12 (C.D. Cal. Oct. 21, 2019).  In any case, a filing this week would be untimely.  Fed. R. Civ. P. 12(f)(2) (requiring that motion to strike be filed "before responding to the pleading").  When I conferred on video last Thursday, no authority was provided for filing a motion to strike.  If you have any, please let us know.  But in all events, we believe the meet and confer process required under the Rules, including the 7-day rule, is particularly appropriate here, and that the parties should endeavor to avoid burdening the Court.  Please let us know if you're available to discuss further via video.

-Matt

1

**Matthew J. Peters**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.637.2345
Email: matthew.peters@lw.com
https://www.lw.com

2