ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG (179109)
TRIG R. SMITH (237399)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRADFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br><br>                              Defendants. | Case No. 8:24-cv-02459-SPG-JDE<br><br><u>CLASS ACTION</u><br><br>REPLY IN FURTHER SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE APPENDIX A TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED COMPLAINT<br><br>DATE:    November 5, 2025<br>TIME:    1:30 p.m.<br>CTRM:   5C<br>JUDGE:  Hon. Sherilyn Peace Garnett |

4925-3921-3684.v1

Lead Plaintiff Lisa Tai ("Plaintiff") respectfully submits this reply memorandum in further support of her Motion to Strike Appendix A to Defendants' Notice of Motion and Motion to Dismiss the Consolidated Complaint (ECF 59) ("Motion to Strike").[1]

In opposition to the Motion to Strike, Defendants argue that: (1) their Appendix A complies with the Local Rules and the Court's Standing Order; (2) the Motion to Strike need not be granted to avoid any prejudice from Appendix A, while tacitly conceding that Appendix A's column entitled "Reason Why Not Materially False or Misleading" makes additional arguments outside of page-length limiting rules; and (3) the Motion to Strike does not comply with the Local Rules' meet and confer requirements. ECF 62. The Court should reject each of them.

## I.    ARGUMENT

### A.    Defendants Fail to Explain How Appendix A Complies with the Local Rules or This Court's Standing Order §C.2.

Defendants' contend that Appendix A "fully" complies with the Local Rules and this Court's Standing Order §C.2. *Id.* at 3. That argument fails. Defendants only assert that "statement charts such as Appendix A are routinely filed in securities cases" and other courts have required the parties to file such appendices. *Id*. at 3-5. This Court does not mandate such an appendix. Nor do the Local Rules.[2]

Defendants tacitly admit that Appendix A contains information not found in the Defendants' Notice of Motion and Motion to Dismiss the Consolidated Complaint (ECF 55) ("Motion to Dismiss"): "Appendix A sets forth information ***found in materials that are properly subject to consideration*** 'for the convenience of the Court to set forth in a concise manner . . . the statements at issue in the case.'" *Id*. at 3

---

[1]    Capitalized terms have the same meaning as in the Motion to Strike unless otherwise noted.

[2]    Defendants' citations to various decisions from the Northern District of California are thus unavailing.

4925-3921-3684.v1

(alteration in original) (emphasis added) (citation omitted).  And, Defendants do not dispute that the "information found in materials that are properly subject to consideration" (*id.*) in Appendix A was gleaned from materials Defendants have thrust before the Court in their Request for Judicial Notice and Incorporation by Reference in Support of Defendants' Motion to Dismiss the Consolidated Complaint (ECF 56).

Had Defendants wished to include that extraneous information in the ***body*** of their Motion to Dismiss – which is now admittedly contained in the Appendix A's column "Reason Why Not Materially False or Misleading" – they could have asked Plaintiff for a reasonable extension to the Local Rules' page limits.  But, alas, Defendants never did.

### B.    Defendants' Tacit Admission that Appendix A Contains Reference to Extrinsic Materials in Further Support of their Motion to Dismiss Militates in Favor of Striking It

Perhaps in light of Defendants' admission, they now suggest that the Court can disregard Appendix A's column entitled "Reason Why Not Materially False or Misleading." *Id.* at 5.  In the alternative, they offer to submit to the Court a "revised version of Appendix A" that omits that column. *Id*.  The reasonable resolution to that problem, however, has passed.  Prior to filing their Motion to Dismiss, Defendants should have met and conferred with Plaintiff regarding their intent to include an appendix.  Plaintiff's counsel regularly litigates securities fraud cases against Defendants' counsel.  Latham & Watkins certainly knows Plaintiff's counsel would have agreed to a reasonable extension of the 25-page limit on their Motion to Dismiss had they asked.

### C.    Plaintiff's Motion to Strike Complies with the Local Rules

Defendants argue Plaintiff's Motion does not comply with the Local Rules' meet and confer requirement because Plaintiff did not accept an invitation from Defendants to further discuss the parties' final positions. *Id*.  A cursory review of Mr. Peters' August 18, 2025 email invitation, however, reflects Defendants'

- 2 -

4925-3921-3684.v1

disagreement regarding whether Appendix A is appropriately before the Court on a motion to dismiss.  ECF 62-2 at 1.  That communication followed a meet and confer session via videoconference on August 14, 2025 during which Plaintiff communicated her position on Appendix A, and Defendants communicated theirs.  Motion to Strike at 1.  Nothing more was needed to comply with the Local Rules.

Defendants next suggest that because Plaintiff did not consider Defendants' invitation to further confer on whether Plaintiff had a legal basis to move to strike Appendix A, Plaintiff might needlessly and improperly burden Defendants and the Court.  But, as Defendants are fully aware, during the parties' August 14, 2025 meet and confer, Plaintiff's counsel stated that Rule 12(f) was a legal basis for the Motion.  ECF 62-2 at 1.  And, notably, Latham & Watkins' August 18, 2025 email illustrates that Defendants' invitation for further discussion was premised *only* on their belief that Plaintiff could not rely on Rule 12(f).  In response to Defendants' August 18, 2025 email, Plaintiff did not include Rule 12(f) as a basis for the Motion to Strike.  Accordingly, it is no surprise that Defendants' opposition brief now is void of any argument that the Motion to Strike lacks either a factual or legal basis now.[3]

## II.    CONCLUSION

For the foregoing reasons, as well as those contained in Plaintiff's Motion to Strike, the Court should strike Appendix A and disregard it for purposes of deciding Defendants' Motion to Dismiss.

DATED:  October 22, 2025

ROBBINS GELLER RUDMAN
 & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
STEPHEN JOHNSON


s/ Stephen Johnson
STEPHEN JOHNSON

---

[3]    Plaintiff's counsel is confused with, and disappointed in, Latham & Watkins' decision include Rule 11 language in their clients' opposition brief.  ECF 62 at 5.

- 3 -

4925-3921-3684.v1

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 4 -

4925-3921-3684.v1

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for plaintiff Lisa Tai, certifies that this brief contains three pages, which complies with the page limit set by the Court's Standing Order for Newly Assigned Civil Cases, dated January 10, 2025.

DATED:  October 22, 2025

_s/ Stephen Johnson_
STEPHEN JOHNSON

- 5 -

4925-3921-3684.v1