# Exhibit B

2025 WL 3471703

2025 WL 3471703
Only the Westlaw citation is currently available.
**NOT FOR PUBLICATION**
United States Court of Appeals, Ninth Circuit.

HRSA-ILA FUNDS, Individually and on behalf of all others similarly situated, Plaintiff - Appellant,

v.

ADIDAS AG and HARM OHLMEYER, Defendants - Appellees,

and

KASPER RORSTED, Defendant.

No. 24-6655
|
Filed December 3, 2025
|
Argued and Submitted October 23, 2025 San Francisco, California

D.C. No. 3:24-cv-00629-IM

Appeal from the United States District Court for the District of Oregon Karin Immergut, District Judge, Presiding

Before: MURGUIA, Chief Judge, and OWENS and BUMATAY, Circuit Judges.

MEMORANDUM[*]

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 **\*1** Plaintiff-Appellant HRSA-ILA Funds ("HRSA-ILA") appeals the district court's dismissal of its securities fraud claims against Defendant-Appellees adidas AG ("Adidas") and Harm Ohlmeyer ("Ohlmeyer"). HRSA-ILA, an Adidas shareholder, brought a class action lawsuit asserting two claims: (1) violation of section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and (2) violation of section 20(a) of the Exchange Act.

HRSA-ILA alleges that Adidas had engaged in a significant partnership ("Partnership") with celebrity Ye (formerly known as Kanye West) and his shoe company Yeezy, but later terminated the Partnership in Fall 2022 due to public fallout from Ye's antisemitic and other improper behavior. The fallout and dissolution of the Partnership led to a decrease in Adidas's share price. HRSA-ILA claims that Adidas had known about and internally grappled with Ye's antisemitic and other improper behavior for years, yet misled shareholders by failing to disclose this risk in its disclosures.

On appeal, HRSA-ILA argues that it adequately alleged actionable securities fraud claims under section 10(b) for the two disclosures in dispute: (1) Adidas's Business Partners Risk disclosures; and (2) Adidas's statements that it complied with the European Union's ("EU") Global Reporting Initiative ("GRI"), as part of the EU's Non-Financial Reporting Directive ("NFRD"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's order dismissing the complaint de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). In a securities fraud case alleging section 10(b) claims, the complaint must meet the heightened pleading standards of both Federal Rule of Civil Procedure ("FRCP") 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). FRCP 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The PSLRA requires the complaint to "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1)(B).

1. We affirm the district court's conclusion that Plaintiff fails to plead an actionable securities fraud claim for Adidas's Business Partners Risk disclosures.[1] To plead a successful section 10(b) claim, a plaintiff must adequately allege: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 157 (2008). The district court determined that HRSA-ILA failed to allege an actionable material misrepresentation or omission. We agree.

[1] The Business Partners Risk disclosure appeared in multiple annual reports, so it is sometimes referred to in plural form.

2025 WL 3471703

**\*2** An actionable material misrepresentation or omission requires two components. First, a plaintiff must "allege a misrepresentation or a misleading omission with particularity and explain why it is misleading." *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co. (Hewlett-Packard)*, 845 F.3d 1268, 1274 (9th Cir. 2017). "Second, applying an objective standard, that misrepresentation or omission must have been material to investors." *Id.* Courts apply the objective standard of a "reasonable" investor to determine whether a statement is misleading. *In re Alphabet, Inc. Sec. Litig. (Alphabet)*, 1 F.4th 687, 699 (9th Cir. 2021). And importantly, section 10(b) "do[es] not create an affirmative duty to disclose any and all material information," unless such disclosure is necessary to ensure that the statements are not misleading. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011).

HRSA-ILA argues that Adidas misled shareholders through its Business Partner Risk disclosure, which stated that:

> Unethical business practices on the part of business partners or improper behavior of individual athletes, influencers or partners in the entertainment industry could have a negative spill-over effect on the company's reputation, lead to higher costs or liabilities or even disrupt business activities.

HRSA-ILA contends that the Business Partners Risk disclosure is misleading because it treats the risk of improper behavior as hypothetical even though Adidas knew that the warned-of risk had already come to pass through Ye's antisemitic and improper behavior. We disagree because the disclosure presents the hypothetical risk as the negative effect of improper behavior, not the improper behavior itself.

We reject HRSA-ILA's arguments that the Business Partners Risk disclosure is analogous to the disclosures found misleading in *Alphabet*, 1 F.4th 687, and *In re Facebook, Inc. Sec. Litig. (Facebook)*, 87 F.4th 934 (9th Cir. 2023), because *Alphabet* and *Facebook* dealt with historical data breaches that the companies concealed, while this case involves a celebrity partner who already had public notoriety for his improper behavior even prior to the Partnership. *Cf. Alphabet*, 1 F.4th at 704–05; *Facebook*, 87 F.4th at 949–50. Therefore, we conclude that a reasonable investor would know that a partnership with a celebrity partner like Ye would come with inherent risks relating to improper behavior and that a reasonable investor would not be misled by the Business Partners Risk disclosures. *See Hewlett-Packard*, 845 F.3d at 1274 (describing a statement as materially misleading to a reasonable investor if there is

a high likelihood that the statement would "significantly alter[ ] the 'total mix' of information made available" (citation and some internal quotation marks omitted)). HRSA-ILA's section 10(b) claim based on Adidas's Business Partners Risk disclosures therefore fails because HRSA-ILA does not plead a material misrepresentation or omission.[2]

[2] We reject HRSA-ILA's secondary arguments that the district court improperly made factual rulings and allowed a "truth on the market defense." The district court explicitly cautions in its order that it "cannot, and does not, make any definitive factual findings," and only commented on the factual context "to note the very public nature of Ye's behavior before Fall 2022."

2. We affirm the district court's conclusion that HRSA-ILA fails to plead an actionable securities fraud claim for Adidas's compliance with the EU's NFRD and GRI disclosure standards. The NFRD requires Adidas to disclose certain non-financial information about its business, risks, and social issues, and Adidas complies by following the GRI. HRSA-ILA alleges that Adidas's statement that it "fulfill[ed] the Global Reporting Initiative's Standards 'Core' option" was materially misleading because Adidas did not disclose the negative aspects of its internal culture and Ye's repeated misconduct. However, allegedly misleading statements "must be 'capable of objective verification.' " *Weston Family Partnership LLLP v. Twitter, Inc.*, 29 F.4th 611, 619 (9th Cir. 2022) (quoting *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir. 2014)). HRSA-ILA conceded to the district court that it was unsure if any enforcement body for the GRI exists that could definitively settle the meaning of the GRI's broad, discretionary provisions. As Adidas's statement is not capable of objective verification, HRSA-ILA fails to plead a material misrepresentation. Therefore, HRSA-ILA's section 10(b) claim based on the NFRD and GRI fails.

**\*3** 3. Even if HRSA-ILA had adequately pled a material misrepresentation, we conclude that HRSA-ILA failed to plead scienter, because HRSA-ILA's complaint does not "state with particularity facts giving rise to a strong inference that the defendant[s] acted with the required state of mind." *See Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 766 (9th Cir. 2023) (quoting 15 U.S.C. § 78u-4(b)(2)(A)) (emphasis omitted). Scienter requires a showing of "deliberate recklessness" that we have defined as " 'an *extreme* departure from the standards of ordinary care.' " *Alphabet*, 1 F.4th at 701 (emphasis in original) (quoting *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020)). As a corporation, Adidas "can only act through its employees

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.    2

2025 WL 3471703

and agents and can likewise only have scienter through them," yet HRSA-ILA fails to show that any agent of Adidas acted with deliberate recklessness here. *See In re ChinaCast Educ. Corp. Sec. Litig.*, 809 F.3d 471, 475 (9th Cir. 2015) (citation and internal quotation marks omitted).

4. We affirm the district court's dismissal of HRSA-ILA's section 20(a) claims. Section 20(a) provides joint and several liability for controlling persons and requires a plaintiff to prove "(1) a primary violation of federal securities law and (2) that the defendant exercised actual power or control over the primary violator." *No. 84 Employer–Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 945 (9th Cir. 2003) (quoting *Howard v. Everex Sys., Inc.*, 228

F.3d 1057, 1065 (9th Cir. 2000)) (internal quotation marks omitted). If a plaintiff fails to plead a primary violation of section 10(b), his section 20(a) claim fails. *Zucco Partners, LLC,* 552 F.3d at 990. Thus, because we determine that HRSA-ILA fails to plead an actionable section 10(b) claim, we also conclude that HRSA-ILA fails to plead a section 20(a) claim.

**AFFIRMED.**

**All Citations**

Not Reported in Fed. Rptr., 2025 WL 3471703

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.