LATHAM & WATKINS LLP
Michele D. Johnson (CA Bar No. 198298)
 michele.johnson@lw.com
Ryan A. Walsh (CA Bar No. 294506)
 ryan.walsh@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Andrew B. Clubok (*pro hac vice*)
 andrew.clubok@lw.com
Susan E. Engel (*pro hac vice*)
 susan.engel@lw.com
Matthew J. Peters (*pro hac vice*)
 matthew.peters@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

*Attorneys for Defendants Chipotle*
*Mexican Grill, Inc., Brian Niccol,*
*John R. Hartung, and Laurie Schalow*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRADFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., BRIAN NICCOL, JOHN R. HARTUNG, and LAURIE SCHALOW,<br><br>Defendants. | Case No. 8:24-cv-02459-SPG-JDE<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Sherilyn Peace Garnett<br>Date: May 20, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br><br>*[Motion; Memorandum of Points and Authorities; Declaration in Support; concurrently filed herewith]* |

Pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine, Defendants Chipotle Mexican Grill, Inc. ("Chipotle"), Brian Niccol, John R. Hartung, and Laurie Schalow (collectively "Defendants") respectfully request that the Court consider 29 documents submitted in connection with Defendants' concurrently filed Motion to Dismiss the Second Amended Complaint (the "Motion") and attached to the Declaration of Matthew J. Peters (the "Peters Declaration"). All of these documents are incorporated by reference into the Second Amended Complaint ("Complaint" or "SAC"), subject to judicial notice, or both.

Specifically, Chipotle asks the Court to consider the following documents, which are attached to the Declaration of Matthew J. Peters in Support of Defendants' Motion to Dismiss the Second Amended Complaint, and listed by exhibit number:

1. **Exhibit 1**: a true and correct copy of a *New York Post* article entitled, "Chipotle called out by fans over 'shrinking' portion sizes – experts are warning the chain not to ignore them," dated December 19, 2023, and which is publicly available at https://nypost.com/2023/12/19/lifestyle/chipotle-called-out-by-fans-over-decreased-portion-sizes/.

2. **Exhibit 2**: a true and correct copy of Chipotle's Form 10-K for the period ended December 31, 2023, which was filed with the Securities and Exchange Commission ("SEC") on February 8, 2024, and is publicly available at https://www.sec.gov/edgar.

3. **Exhibit 3**: a true and correct copy of Chipotle's Form 10-Q for the period ended March 31, 2024, which was filed with the SEC on April 25, 2024, and is publicly available at https://www.sec.gov/edgar.

4. **Exhibit 4**: a true and correct copy of a *Restaurant Business Online* article entitled, "Even Keith Lee agrees Chipotle has a portion-size problem," dated May 16, 2024, and which is publicly available at https://www.restaurantbusinessonline.com/operations/even-keith-lee-agrees-chipotle-has-portion-size-problem.

5. **Exhibit 5**: a true and correct copy of an *ABC News* article entitled, "Chipotle says portions have not changed despite TikTok claims," dated May 29, 2024, and which is publicly available at https://abcnews.com/GMA/Food/chipotle-portions-changed-despite-tiktok-claims/story?id=110640125/.

6. **Exhibit 6**: a true and correct copy of a *Washington Post* article entitled, "Chipotle portions haven't shrunk, company says after TikTok backlash," dated May 29, 2024, and which is available at

https://www.washingtonpost.com/food/2024/05/29/chipotle-portion-size-complaints-criticism/.

7.   **Exhibit 7**: a certified transcript of a *CNBC* "Mad Money" segment from May 29, 2024 entitled, "Chipotle CEO Brian Niccol sits down with Jim Cramer." Video of the segment is publicly available at https://www.cnbc.com/video/2024/05/29/chipotle-ceo-brian-niccol-sits-down-with-jim-cramer.html.

8.   **Exhibit 8**: a true and correct copy of a *Fortune* article entitled, "Chipotle CEO: Our portion sizes aren't getting smaller—but you can get more food with a special look," dated May 30, 2024, and which is publicly available at https://fortune.com/2024/05/30/chipotle-ceo-brian-niccol-portion-sizes-special-look/.

9.   **Exhibit 9**: a true and correct copy of a Wells Fargo analyst report entitled, "Chipotle Mexican Grill, Inc. (CMG): Chart(s) of the Day Part 15: Weighing In on the Burrito Bowl 'Weight Debate,'" dated June 27, 2024, and which is available at https://www.capitaliq.com.

10.  **Exhibit 10**: a true and correct copy of a *BroBible* article entitled, "Finance Bro Discovers Chipotle is Completely Lying about Consistent Portion Sizes," dated June 27, 2024, and which is publicly available at https://brobible.com/sports/article/wells-fargo-analyst-chipotle-lying/.

11.  **Exhibit 11**: a true and correct copy of a *CNN Business* article entitled, "An analyst ordered 75 Chipotle burrito bowls to test portion size," dated June 28, 2024, and which is publicly available at https://www.cnn.com/chipotle-portion-sizes-smaller-test.

12.  **Exhibit 12**: a true and correct copy of a *Fox Business* article entitled, "Wells Fargo analysts 'weigh in' on Chipotle portion sizing after restaurant chain faces backlash online," dated July 4, 2024, and which is publicly available at https://www.foxbusiness.com/lifestyle/wells-fargo-analysts-weigh-chipotle-portion-sizing-restaurant-chain-faces-backlash-online.

13.  **Exhibit 13**: a true and correct copy of a *Bloomberg* article entitled, "Chipotle Rout on Portion Woes Is Chance to Buy, Analysts Say," dated July 12, 2024, and which is available at https://www.bloomberg.com/news/articles/2024-07-12/chipotle-rout-amid-portion-debate-is-chance-to-buy-analysts-say.

14.  **Exhibit 14**: a true and correct copy of a TD Securities (USA) LLC analyst report entitled, "Casual Catch-Up w/ Fast Casual Execs Vol 15+ BROS/CAVA/CMG/SHAK/SG Read-Thrus," dated July 15, 2024, and which is available at https://www.capitaliq.com.

15.  **Exhibit 15**: a true and correct copy of a Wells Fargo analyst report entitled, "Chipotle Mexican Grill, Inc. (CMG): With Recent Noise "Weighing" on Shares, We Like Q2 Setup; Favorable Risk/Reward," dated July 17, 2024, and which is available at https://www.capitaliq.com.

16. **Exhibit 16**: a true and correct copy of a *YouGov* article entitled, "Is Chipotle feeling the heat amid portion size concerns? Buzz and Value scores are certainly dipping," dated July 19, 2024, and which is publicly available at https://yougov.com/en-us/articles/50139-chipotle-brand-health-tiktok-portion-sizes-2024.

17. **Exhibit 17**: a true and correct copy of the transcript from Chipotle's Q2 2024 Earnings Call, dated July 24, 2024, and which is available at https://www.spglobal.com/market-intelligence/en.

18. **Exhibit 18**: a true and correct copy of a Deutsche Bank analyst report entitled, "Bigger Bowls & Brisket to Support Bull Case," dated July 25, 2024, and which is available at https://www.capitaliq.com.

19. **Exhibit 19**: a true and correct copy of an Evercore ISI analyst report entitled, "Investing in portion leadership; Trimming EPS & Target; Outperform," dated July 25, 2024, and which is available at https://www.capitaliq.com.

20. **Exhibit 20**: a true and correct copy of a *CBS News* article entitled, "Chipotle customers were right – some restaurants were skimping, CEO says," dated July 24, 2024, and which is publicly available at https://www.cbsnews.com/news/chipotle-portion-order-size-bowl-ceo-brian-niccol/.

21. **Exhibit 21**: a true and correct copy of a *Forbes* article entitled, "Some Chipotles Actually Were Skimping On Portion Sizes—But 'Generous' Servings Are Priority, Chipotle CEO Says," dated July 25, 2024, and which is publicly available at https://www.forbes.com/sites/ariannajohnson/2024/07/25/some-chipotles-actually-were-skimping-on-portion-sizes-but-generous-servings-are-priority-chipotle-ceo-says/.

22. **Exhibit 22**: a true and correct copy of a *Fox 26 Houston* article entitled, "Chipotle CEO admits some restaurants were skimping on portion sizes," dated July 29, 2024, and which is publicly available at https://www.fox26houston.com/news/chipotle-portion-sizes-ceo.

23. **Exhibit 23**: a true and correct copy of a *Today* article entitled, "Chipotle says it will increase its portion sizes following customer complaints," dated July 29, 2024, and which is publicly available at https://www.today.com/food/news/chipotle-portion-sizes-response-rcna154293.

24. **Exhibit 24**: a true and correct copy of a *Wall Street Journal* article entitled, "Chipotle Fans Take Burrito 'Skimp' Into Their Own Hands," dated August 5, 2024, and which is available at https://www.wsj.com/lifestyle/chipotle-burrito-skimp-sizes-portions-00d27593.

25. **Exhibit 25**: a true and correct copy of Chipotle's Form 8-K, which was filed with the SEC on October 29, 2024, and is publicly available at https://www.sec.gov/edgar.

26.    **Exhibit 26**: a true and correct copy of the transcript from Chipotle's Q3 2024 Earnings Call, dated October 29, 2024, and which is available at https://www.spglobal.com/market-intelligence/en.

27.    **Exhibit 27**: a true and correct copy of historical data for the price of Chipotle's stock (CMG) between October 2, 2023, and December 30, 2024, published by *Yahoo! Finance* and publicly available at https://finance.yahoo.com/quote/CMG/history (last visited June 30, 2025).

28.    **Exhibit 28**: a true and correct copy of John R. Hartung's Form 4 filed on June 14, 2024, with the SEC, which is publicly available at https://www.sec.gov/edgar.

29.    **Exhibit 29**: a compilation of true and correct copies of Brian Niccol's Forms 4 filed on April 29, 2024, February 16, 2023, February 9, 2022, and January 3, 2022, with the SEC, which are publicly available at https://www.sec.gov/edgar.

## I.    LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Alghazwi v. Beauty Health Co.*, 801 F. Supp. 3d 982, 999-1001 (C.D. Cal. 2025) (considering on a motion documents plaintiff referenced and relied on in the complaint).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) ("Where a document has been incorporated by reference in a complaint, a court 'may treat such a document as part of the complaint'" and "can consider the entire document, not simply the portion on which plaintiffs rely."

(citations omitted)). This prevents plaintiffs from "selecting only portions of documents that support their claims, while omitting portions" that do not. *Khoja*, 899 F.3d at 1002. A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citation omitted).

Under the Federal Rules of Evidence, courts may also take judicial notice of any fact that is "not subject to reasonable dispute" because it is either: "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, "such as SEC filings," are properly the subject of judicial notice and are routinely considered in deciding a motion to dismiss in a securities case. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007). While courts may take judicial notice of the contents of a public record, that "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Documents that are subject to judicial notice can be considered "without converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (citation omitted).

## II.    ARGUMENT

In its order granting Defendants' Motion to Dismiss the Consolidated Complaint, Dkt. 67 ("Order"), this Court already determined that several of the documents submitted herewith were properly incorporated by reference into the pleadings or are subject to judicial notice. Specifically, the Court found that Exhibits 1-4, 6, 9-11, 13-19, 24, and 26 were incorporated by reference because Plaintiff "relie[d]" on them in the complaint and they "form[ed] the basis of Plaintiff's

claims."[1] Order at 12. The Court likewise took judicial notice of Exhibit 27 (CMG Historical Stock Data) and Exhibit 29 (Niccol's SEC Forms 4). Order at 13-14. The same documents remain properly incorporated by reference or subject to judicial notice, as the SAC continues to rely extensively on these documents to support Plaintiff's allegations and theories of liability.

The additional exhibits (5, 7, 8, 12, 20 through 23, and 25) for which Defendants seek incorporation by reference or request judicial notice are likewise relied on by Plaintiff in the SAC and form the basis of her claims.

**A.    Exhibits 1-26, 28, and 29 Are Incorporated by Reference**

Exhibits 1 through 26, 28 and 29 are all incorporated by reference because they are referenced "extensively" throughout the Complaint and "form[] the basis" of Plaintiff's allegations. *Khoja*, 899 F.3d at 1002 (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).

**SEC Filings (Exhibits 2, 3, 25, 28, and 29)**: The Court held—and Plaintiff did not dispute—that Chipotle's 2023 Form 10-K (Exhibit 2) and its 1Q24 Form 10-Q (Exhibit 3) are properly incorporated by reference because they form the basis of Plaintiff's claims and are referenced throughout the Complaint. Order at 11. This remains true for the SAC. Plaintiff alleges that Chipotle's Form 10-Q for the period ending March 31, 2024 contains a false or misleading statement based on its incorporation by reference of the social media risk disclosure in Chipotle's 2023 Form 10-K. SAC ¶¶ 10, 18, 33, 53, 126 n.3.

Plaintiff expressly relies on Chipotle's October 29, 2024 Form 8-K (Exhibit 25) to support her falsity and loss causation allegations, SAC ¶¶ 27, 80, and is therefore incorporated by reference. *See Garcia v. J2 Glob., Inc.*, 2021 WL 1558331,

---

[1] Some of the exhibits that this Court previously deemed incorporated by reference or subject to judicial notice were numbered differently when they were submitted with Defendants' prior motion to dismiss. Defendants refer to these exhibits by the number used in connection with their motion to dismiss the SAC.

at *5 (C.D. Cal. Mar. 5, 2021) (incorporating by reference documents containing "misrepresentations or omissions that form the basis of Plaintiff's claim"); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) ("Courts can consider securities offerings and corporate disclosure documents that are publicly available." (citations omitted)).

Additionally, as a basis for its scienter allegations, the Complaint explicitly refers to stock sales by Defendants Brian Niccol on April 26, 2024, and John R. Hartung on June 13, 2024. SAC ¶¶ 8-11, 104-107. It is therefore appropriate to consider the SEC Forms 4 that disclose those sales, attached as Exhibits 28 (Hartung) and 29 (Niccol).[2] The Court previously held that Niccol's April 2024 SEC Form 4 and Hartung's June 2024 SEC Form 4 were incorporated by reference. Order at 12, 14 n.5. Because the SAC continues to rely on these stock sales, the Court should find them incorporated once again. *See Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. Dec. 5, 2022) (incorporating by reference disclosures of stock sales "on which Plaintiff relies to establish scienter").

**Investor Call Transcripts (Exhibits 17 and 26)**: The Court previously concluded that investor call transcripts from July and October 2024 were incorporated by reference, Order at 12, and should do so again. Plaintiff relies extensively on these exhibits to support Plaintiff's falsity, scienter, and loss causation allegations. SAC ¶¶ 8, 10, 24, 27, 52, 71, 72, 81, 90, 91, 93, 94, 102. Therefore, these Exhibits "have essentially been adopted" as part of the Complaint and may be considered in their entirety in connection with the Motion to Dismiss. *See Alghazwi*, 801 F. Supp. 3d at 999 (incorporating transcript of investor calls where the substance was referenced "extensively throughout [the complaint]" and

---

[2] As explained *infra*, Niccol's Forms 4 regarding transactions on dates other than April 26, 2024, are subject to judicial notice.

"form[ed] the basis of Plaintiffs' claims of misleading statements or omissions").

**News Articles (Exhibits 1, 4-8, 10-13, 16, and 20-24)**: Plaintiff references these news articles throughout the Complaint and claims that they either contained Defendants' allegedly false statements or constituted corrective disclosures. *See, e.g.*, SAC ¶¶ 18, 42-44, 47, 48, 54-60, 64-66, 69, 75-79, 88, 97-101. Accordingly, on top of being referenced throughout the Complaint, they form the basis for Plaintiff's claims and are properly incorporated by reference. *Garcia*, 2021 WL 1558331, at *6 (incorporating by reference documents that allegedly "revealed the truth about [the company] and caused its stock price to drop, thereby forming the basis of Plaintiff's claim"). The Court held that several of these news articles (Exhibits 1, 4, 6, 10, 11, 13, 16, and 24) were incorporated by reference in its prior Order. Order at 11-13. Incorporation by reference is also proper for Exhibits 5, 7, 8 and 12, which are the source of challenged statements, and Exhibits 20-23, which Plaintiff alleges contain corrective disclosures. *See Alghazwi*, 801 F. Supp. 3d at 999-1000; *Garcia*, 2021 WL 1558331, at *6.

Plaintiff previously objected to incorporation by reference of Exhibit 6 (the *Washington Post* article from May 29, 2024) and Exhibit 24 (the *Wall Street Journal* article from August 5, 2024). Dkt. 58. The Court, however, found that incorporation was appropriate because the *Washington Post* article contained a challenged statement and the *Wall Street Journal* formed the basis for Plaintiff's allegation that portion complaints gained increased traction "by April 2024." Order at 11. Because Plaintiff continues to rely on these articles as support for the same challenged statements in the SAC, ¶¶ 44, 54(a), 57, 100, incorporation is once again proper.

**News Video Clip and Transcript (Exhibit 7)**: Plaintiff relies on a video segment from *CNBC*'s "Mad Money" program, which contains one of Niccol's allegedly false or misleading statements that serve as the basis for Plaintiff's claims. ¶¶ 56, 99. "Courts routinely consider videos at the motion to dismiss stage when they are central to the plaintiff's … claims." *Stebbins v. Alphabet Inc.*, 2025 WL

2233208, at *3 (N.D. Cal. July 2, 2025). Similarly, courts will incorporate by reference transcripts of recorded conversations that are integral to a plaintiff's claims. *Moledina v. Marriott Int'l, Inc.*, 635 F. Supp. 3d 941, 951 (C.D. Cal. 2022).

**Analyst Reports (Exhibits 9, 14, 15, 18, and 19)**: The Court previously incorporated these analyst reports, finding that the prior complaint relied on them to prove loss causation. Order at 12. Plaintiff still relies on the same reports for loss causation in the SAC. *See, e.g.*, SAC ¶¶ 21, 50, 51, 62, 64, 65, 67, 68, 74, 87, 88. All of these analyst reports are therefore properly considered as incorporated into the Complaint. *Khoja*, 899 F.3d at 1004 (finding district court did not abuse its discretion by incorporating market reports because the reports "form[ed] the basis of Khoja's claim that the market relied on Orexigen's claims"); *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (incorporating by reference "multiple analyst reports" referenced in complaint).

### B.    All Exhibits Are Subject to Judicial Notice

Separately, judicial notice of all 29 exhibits is appropriate because each is a "matter[] of public record" or otherwise available in the public domain, *Khoja*, 899 F.3d at 999, and each "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b).

**Niccol's Forms 4 (Exhibit 29)**: Exhibit 29 consists of Niccol's Forms 4, reflecting his trading history from November 2021 to April 2024. The Court previously held that Niccol's SEC Form 4 from April 2024 was incorporated by reference, since the prior complaint relied on Niccol's April 2024 stock sales to show that he acted with scienter. Order at 12, 14 n.5. It also took judicial notice of "the existence" of Niccol's Forms 4 "and their contents." Order at 14 (quoting *Alghazwi*, 801 F. Supp. 3d at 1001).

The Court should once again take judicial notice of Niccol's Forms 4 from 2021 to 2023. Judicial notice of Forms 4 is especially appropriate to evaluate scienter where, like here, ¶¶ 104-07, plaintiffs have alleged that "the sale of stock by an

individual defendant ... demonstrate[s] a financial motive for that defendant to make false or misleading statements." *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017). Even if the Court does not "notice the truth of the stock sales disclosed in the SEC Forms 4," Order at 14, it may nonetheless notice "whether stock sales were made or not made," which is "relevant for the purpose of evaluating scienter." *In re Solarcity Corp.*, 274 F. Supp. 3d at 988.

**Historical Stock Price (Exhibit 27)**: The Court previously took notice of Chipotle's historical stock price data, Order at 14, and should do so again here. Chipotle's public stock price is not a fact subject to reasonable dispute, and it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"—here, Yahoo! Finance's public website. Fed. R. Evid. 201(b). Courts routinely take judicial notice of stock charts depicting daily stock prices from credible sources, including Yahoo! Finance. *See Okla. Firefighters Pension & Ret. Sys.*, 50 F. Supp. 3d at 1349.

**Remaining SEC Filings, News Articles, Analyst Reports, and Investor Call Transcripts (Exhibits 1-26, and 28)**: Because the Court took judicial notice of Defendants' exhibits containing news articles (Exhibits 1, 4, 6, 8-13, 16, and 24), investor earnings call transcripts (Exhibits 17 and 26), and analyst reports (Exhibits 9, 14, 15, 18, and 19) that Plaintiff extensively relied upon in the prior complaint, it did not address whether they were also subject to judicial notice. *See* Order at 12-14. It need not do so here.

If the Court were to reach the question, it should find that the remaining exhibits are judicially noticeable. Courts routinely take judicial notice of SEC filings, press releases, investor call transcripts, analyst reports, and news articles in securities cases. *See, e.g.*, *Sylebra Cap. Partners Master Fund Ltd v. Everbridge, Inc.*, 2023 WL 3549506, at *1-2 (C.D. Cal. May 9, 2023); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) (finding public "earnings conference call transcripts" subject to judicial

notice); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at \*9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013) (taking judicial notice of analyst reports to "determine what may or may not have been disclosed to the public"); *Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at \*7 (C.D. Cal. Feb. 16, 2023) (recognizing that "[f]ederal courts regularly take judicial notice of … news articles … in securities complaints").

## III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-29 in connection with Defendants' Motion.

Dated: March 3, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By  /s/ *Michele D. Johnson*
Michele D. Johnson (CA Bar No. 198298)
 michele.johnson@lw.com
Ryan A. Walsh (CA Bar No. 294506)
 ryan.walsh@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Andrew B. Clubok (*pro hac vice*)
 andrew.clubok@lw.com
Susan E. Engel (*pro hac vice*)
 susan.engel@lw.com
Matthew J. Peters (*pro hac vice*)
 matthew.peters@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.3309
Facsimile: +1.202.637.2201

*Attorneys for Defendants Chipotle Mexican Grill, Inc., Brian Niccol, John R. Hartung, and Laurie Schalow*